Nov. Term,
1855.

SITER and Others *v.* SHEETS.

SITER
*v.*
SHEETS.

A contract for or about any matter or thing which is prohibited and made un-
lawful by statute, is void, though the statute itself does not mention that it
is so.

Assumpsit by *A.* and *B.* against *C.*, upon a written agreement made in 1840,
whereby *C.* agreed that if *A.* and *B.* would delay the collection by execution
of certain judgments rendered in the *Marion* Circuit Court, on, &c., for a
term specified, he would pay to *A.* and *B.*, in addition to the legal rate of
interest upon the judgments, 4 per cent. per annum thereon till paid, and also
the amount of exchange, at the time of payment, between *Indianapolis* and
*Philadelphia*, on the amount of the judgments and interest. The declaration
alleged that the agreement was made in *Marion* county, in this state.

*Held,* that the agreement was for the forbearance of money.

*Held,* also, that if the parties did not intend to violate the statute prohibiting
usury, there was no usury in the transaction.

*Held,* also, that as the agreement was made in *Marion* county, and the judg-
ments rendered in the *Marion* Circuit Court, the presumption was, the con-
trary not appearing, that the parties resided in that county.

*Held,* therefore, that the stipulation in regard to exchange, must be presumed
to have been intended merely to cover illegal interest, and, hence, that the
agreement was usurious.

Friday,
November 30.

ERROR to the *Marion* Circuit Court.

DAVISON, J.—Assumpsit by the plaintiffs in error against
the defendant, upon a written contract which reads thus:
"I, *William Sheets*, hereby agree to and with *Siter, Price
& Co.*, that if they will delay the collection by execution
of two certain judgments rendered in the *Marion* Circuit
Court, at the *October* term thereof, for the year 1839, one
in favor of *A. W. Morris* and against me and *John Sheets*,
and one in favor of *Morris Morris* against me, both of
which have been assigned to said *Siter, Price & Co.*, for
one year from this date, I will pay and satisfy to said *Siter,
Price & Co.*, within said year, in addition to the legal
interest upon said judgments, interest thereon from the
expiration of the legal stay upon said judgments, at the
rate of four per cent. per annum until paid, and will also
pay the amount of exchange at the time of payment be-
tween *Indianapolis* and *Philadelphia*, upon the full amount
of said judgments and interest. Witness my hand, this
21st of *November*, 1840. [Signed] *William Sheets.*"

It is averred that the plaintiffs did delay, by execution

or otherwise, to collect the above judgments or any part thereof for more than one year from the date of said agreement; that at divers times between the 1st of *March*, 1842, and the 18th of *May*, 1850, various sums, amounting in the aggregate to 7,488 dollars, were paid on said judgments, that sum being the principal and the statutory rate of six per centum per annum thereon; that by the terms of the contract, there is due to them from the defendant interest on the judgments from their legal stay, viz., the 14th of *April*, 1840, to the commencement of this suit, at four per centum per annum, which, in the whole, amounts to 2,500 dollars. It is further averred that the current rate of exchange between *Indianapolis* and *Philadelphia*, at the times of the various payments on said judgments, was an average rate of five per cent. per annum, and that the amount justly due the plaintiffs for exchange under said contract was 500 dollars.

To recover the said four per cent. and the above rate of exchange, was the only object of the present suit.

The general issue was pleaded. The Court tried the cause; and being of opinion that the agreement sued on was usurious and void, found for the defendant. New trial refused and judgment.

An act in force when the above agreement was made, declares, "that no person," &c., "shall, on any contract, directly or indirectly, take or receive for the loan, use or forbearance of money, or on any contract for the payment of money, above the rate or value of six dollars for the loan, use or forbearance, or on the contract for the payment of one hundred dollars for one year, and so proportionally for any greater or less sum, and for any longer or shorter time; unless the stipulation to pay a higher rate of interest be made in writing and signed by the party to be charged. But in no case whatever shall any person," &c., "take or receive more than ten dollars for any such loan, use or forbearance of money, or on any such contract for the payment of one hundred dollars, for one year, and so proportionally for any longer or shorter time, or for any greater or less sums." The same act further declares, that

"if any person, either directly or indirectly, shall demand or receive any greater rate of interest than may be lawful," &c., "the person so offending shall, on conviction by indictment in the proper Circuit Court, pay a fine," &c.   R. S. 1838, pp. 336, 337.

Assuming the agreement in question to be a contract "for the forbearance of money," we are at once led to inquire whether the stipulation that the defendant, in addition to the four per cent., should also pay the exchange between *Indianapolis* and *Philadelphia*, rendered the contract usurious.   He did stipulate to pay something more than the legal rate of interest, and we have just seen that an amount above the rate or value of ten dollars "for the forbearance of money" for one year, shall in no case be taken or received.

The statute before us does not, in express terms, say that an agreement to pay a greater amount of interest than may be lawful, shall be void.   But the rule is, that a contract for or about any matter or thing which is prohibited and made unlawful by statute, is void, though the statute itself does not mention that it is so.

But the plaintiffs insist, "that this was more than a contract for the forbearance of money.   Here were judgments rendered; the stay had expired; executions were about to issue; and to prevent them from being issued, the defendant entered into the agreement," &c.   All this, however, does not enlarge the agreement, or make it otherwise than a contract "for the forbearance of money."   It may have been most beneficial to the defendant, but neither the inducements which led him to make the agreement, nor the results which followed it, are material, because the real consideration on which it was made, was the plaintiffs' undertaking to forbear the collection of the judgments.   It was therefore a contract "for the forbearance of money." The plaintiffs held a demand for money against the defendant.   Now, whether that demand was by judgment or otherwise, can not, in the discussion of this case, make any difference.   They agreed to delay, for the period of one year, the collection of their demand, and if, in con-

sideration thereof, he stipulated to pay more than the legal rate of interest, the contract must be held usurious, because stipulations of that character are expressly prohibited by the statute.  3 Comst. 344.

It is said, in argument, that the item of exchange included in the agreement was not intended to cover illegal interest, because, "when the agreement was made, it could not have been known that the exchange between the above named cities would, at the time the defendant might pay off the judgments, be anything."  If the parties to a contract like the present, do not intend to violate the statute, there can be no usury in the transaction; but here it was evidently contemplated that when the defendant might be called on to pay the judgments, there would be some rate of exchange; and that anticipation has been fully realized. After accepting the agreement with the stipulation that the defendant should pay the exchange, we think the plaintiffs are estopped from making the assumption that "it could not be known that the rate of exchange would be anything."  Indeed, any one at all acquainted with the state of trade between such commercial points as *Indianapolis* and *Philadelphia*, and the necessity of remittances from one section of the *Union* to another, must at once know that a certain rate of exchange will always exist. The judgments were payable in specie, and the cost of transporting that currency from the former to the latter city, would itself produce the contemplated exchange. Hence, it must be presumed that the plaintiffs, when the agreement was made, knew, with sufficient certainty, that it stipulated for the payment of an amount above the legal rate of interest.

Still, the question recurs, what was the purpose of the item of exchange?  The agreement is for the payment of more money "for the forbearance" than is allowable by law; and we must presume that the parties to the contract intended that which on its face is clearly expressed, unless there be evidence tending to rebut that presumption. There is no such evidence, and it follows, therefore, that the contract is usurious.  *Scott* v. *Lloyd*, 9 Peters 418.—

Nov. Term, 1855.

*Archibald* v. *Thomas*, 3 Cow. 284.—*Read* v. *Coale*, 4 Ind. R. 283.

If it had been shown that the plaintiffs resided in *Philadelphia;* that the money when collected was to be sent to them at that place; and that the object of the payment of the exchange, was to cover the expense of transporting the money to the place where it was actually wanted, there would be ground for the conclusion that the purpose of the contract was legitimate, and not intended to violate the statute. But how stands the case? The judgments are in the Circuit Court of *Marion* county, and were to be paid into the clerk's office of that Court. The agreement, it is alleged, was made in that county. And there being no evidence on the subject, it must be presumed that where the agreement was made, the parties resided. This view affords no valid consideration for the stipulated rate of exchange. We can not, therefore, avoid the conclusion, that it was intended to cover illegal interest. 2 Sandf. Ch. R. 215.

*Per Curiam.*—The judgment is affirmed with costs.

*H. C. Newcomb* and *J. S. Harvey*, for the plaintiffs.

*J. Morrison* and *S. Major*, for the defendant.