## PIKE v. KING.

1. CONTRACT: MADE ON SUNDAY. The courts of this State will not enforce an express or implied contract for the sale of property, made on the Sabbath day, where the parties thereto are not embraced in the exceptions expressed in § 4392 of the Revision of 1860.

2. SAME: GENERAL RULE. A contract made in violation of a statute and against the policy of the State, whether *malum prohibitum* or *malum in se*, is void, and cannot be enforced by action.

3. PLEADING: GENERAL DENIAL AND SET-OFF. That a set-off is pleaded with a general denial, in an answer, but in a separate and distinct division thereof, is not a valid ground of objection to the pleading. or to evidence offered to sustain the same.

Pike v. King.

*Appeal from Lucas District Court.*

THURSDAY, APRIL 14.

ON Sunday, in the month of April, 1863, the plaintiff sold and delivered to the defendant eighteen thousand willow cuttings, for which the latter agreed to pay four dollars per M., making seventy-two dollars. For this sum the plaintiff brings his suit by attachment, in a Justice's Court. Defense, plea in abatement, general denial and set-off. At the hearing thereof, the justice gave judgment for the defendant on his claim of set-off, in the sum of twenty-four dollars and costs. After, on appeal thereto, the District Court sustained a motion for nonsuit, on the ground that the evidence showed that the contract of sale and the delivery of the article sold, occurred on the Sabbath day. A trial of the defendant's claim of set-off resulted in a judgment of four dollars and costs for the defendant, and plaintiff appeals.

*Stewart* for the appellant.

I. The contract is not void at common law, and there is no statute in this State declaring such contracts void. *Boynton* v. *Page*, 13 Wend., 425; *Sayles* v. *Smith*, 12 Wend., 57; 10 Mass., 312; 15 Mass., 312; 8 Cow., 27; *Ray* v. *Catlett*, 12 B. Monr., 532.

*Neal* and *Ellwood* for the appellee.

I. The sale of the willows on Sunday, whether under a special or an implied contract, was void.

1. The statute prohibits such contracts. Revision 1860, § 4392.

2. Agreements made or acts done in violation of a statute are void. Story Cont., § 613, 614; Com. Cont., 66, and the cases cited; Chit., Cont., 767, and the cases cited in note 2; *Hallett* v. *Novion*, 14 John, 273; *Pennington* v. *Townsend*,

7 Wend., 276; *Madison Insurance Company* v. *Forsyth*, 2 Ind., 283; *The State Bank* v. *Coquilcord*, 6 Id., 232; *Siter* v. *Shuts*, 7 Id., 132; *Hunt* v. *Knickerbacker*, 5 John, 327; *Thalimer* v. *Brinkerhoff*, 20 Id., 386; *Law* v. *Hodgson*, 11 East., 300; *Ellsworth* v. *Mitchell*, 31 Maine, 247; *Elkins* v. *Parkhurst*, 17 Verm., 105; *Marienthal* v. *Shafer*, 6 Iowa, 223; *Davis* v. *Bronson*, 6 Iowa, 410. And this rule reaches contracts made or acts done on Sunday in violation of the statute. *Lyon* v. *Armstrong*, 6 Verm., 219; *Towle* v. *Larabee*, 26 Maine, 464; *Smith* v. *Bean*, 15 N. H., 577; *Wheeler* v. *Russell*, 17 Mass., 258; *Robeson* v. *French*, 12 Met., 25; *Potter* v. *Greeley*, 13 Id., 284; *Gregg* v. *Wyman*, 4 Cush., 322; *Hewlet* v. *Stratton*, 5 Id., 539; *Northrup* v. *Foote*, 14 Wend., 249; *Kafner* v. *Keafer*, 6 Watts, 231; *Fox* v. *Mensch*, 3 Watts & S., 402; *Bunnell* v. *Smith*, 2 Miles, 402; *Fennell* v. *Riddler*, 5 B. & C., 406; *Simpson* v. *Nichols*, 3 Mees. & W., 240; *Smith* v. *Sparrow*, 4 Bing., 84; *Murphy* v. *Simpson*, 14 B. Monr., 419; *Dodson* v. *Harris*, 10 Ala., 566; 2 Pars. Cont., 262, note *n. n.* And the rule applies to contracts *malum prohibitum* as well as *malum in se. Bensley* v. *Ringgold*, 5 B. & H., 355; *Lewis* v. *Welch*, 14 N. H., 292; *White* v. *Bass*, 3 Cush., 448; *Pennington* v. *Townsend, supra*.

Lowe, J.—The appellant insists that a Sunday contract is not void, and that the Court erred in so holding, and thus nonsuiting the plaintiff. Section 4392 of the Revision of 1860, makes it a penal offence for any one to be found buying and selling property on the Lord's day, and provides that the penalty therein designated may be recovered before a Justice of the Peace, in the county where the offense shall be committed.

There are certain classes of individuals, as ferrymen, bridge and toll-gate keepers, and seventh-day Sabbath observers, who are excepted from the provisions of this statute; also works of necessity and charity are excepted;

but the parties to this suit are not shown to come within these exceptions. It is claimed that, inasmuch as this statute does not, in terms, prohibit a contract of sale, but only imposes a penalty for so doing, the same cannot be treated as void. Upon this point the authorities are abundent as well as explicit, that when the statute imposes a penalty, for the commission of a particular act, it implies a prohibition. *Murphy* v. *Simpson*, 14 B. Mon., 419; *Siles et al.*, v. *Sheets*, 7 Ind., 132; Story on Cont., § 614, and authorities there cited. A contract made in violation of a statute or founded upon an unlawful act in subversion of the policy of the State, whether it be *malum prohibitum* or *malum in se*, is void, and cannot be enforced by action.

This principle is sustained by a great number of authorities. Besides those just cited, we refer to a few others: *Pennington* v. *Townsend*, 7 Wend., 276; *Robeson* v. *French*, 12 Met., 25; *Lyon* v. *Strong*, 6 Verm., 219; *Gregg* v. *Wyman et al.*, 4 Cush., 322; *Davis* v. *Bronson*, 6 Iowa, 410; *Wheeler* v. *Russell*, 17 Mass., 258. This last is a leading case upon this subject, in which PARKER, C. J., says: "No principle of law is better settled, than that no action will be maintained upon a contract made in violation of the statute."

Again, at the trial below, the plaintiff offered to prove the value of the cuttings, aside from the price agreed upon, which evidence was rejected, and this ruling is now assigned for error. It is clear that this evidence cannot avail the party without more, that is, without showing a sale and transfer of the property; but this occurred on the Lord's day, and a party cannot be heard to allege his own unlawful act. Whether a claim connected with an illegal transaction can be maintained in a court of law, may be determined by the test, whether the plaintiff must bring in the illegal transaction to aid him in making out his case. The plain matter of fact is, that the inhibition of the statute extends to every kind of buying and selling, or transfers of pro-

perty by sale, whether it be under a special contract, with the price stipulated, or a sale and delivery upon a " *quantum valebat ;*" and the act is in contravention of the statute as much in one case as the other.

Finally, it is objected that the defendant was permitted " to introduce a proof of damages, having failed to plead the same separate from his answer." The force of this objection is scarcely apparent. The set-off or cross-claim of the defendant is pleaded, it is true, with the general denial of the plaintiff's claim, but in a clearly defined and distinct division of the answer. If there was anything wrong in this, which we do not perceive, the plaintiff should have demurred or moved to strike, &c., instead of taking issue upon the same by his replication.

The judgment below will be                     Affirmed.