———————o———————

## BLACK *v.* THE ENTERPRISE INSURANCE COMPANY.

PARTIES.— *Promissory Note.—Agent.—* A promissory note payable to A. B., "agent of the Enterprise Insurance Company," was executed for the use of said company in consideration of a policy of insurance underwritten by it. *Held,* in a suit on the note in the name of said company, that the action was brought by the proper party.

FOREIGN INSURANCE COMPANY.—An answer to a suit by an insurance company on a promissory note executed to such company in consideration of a policy

of insurance issued by it, alleging that the plaintiff is a foreign insurance company, and that the contract of insurance was entered into in this State through an agent resident therein, but not also showing a non-compliance with the requirements of the act of December 21st, 1865, regulating foreign insurance companies, &c., is bad on demurrer.

APPEAL from the Switzerland Common Pleas.

GREGORY, C. J.—Suit on a promissory note payable to "Frederick J. Waldo, agent of the Enterprise Insurance Company." The complaint avers, that the consideration of the note was a policy of insurance underwritten by the appellee on a flat boat and cargo of hay of the defendant, from Vevay, Indiana, to New Orleans, Louisiana, and that the note was executed for the use of the plaintiff.

A demurrer was overruled to the complaint; and this is assigned for error.

The code provides, that "every action must be prosecuted in the name of the real party in interest." This is the rule in equity as it stood before the code. The complaint shows that the appellee is the real party in interest.

The defendant, Black, the appellant, answered in four paragraphs; the third of which is the denial. A demurrer was overruled as to the first and second, and sustained as to the fourth. The sustaining of this demurrer presents the next question in the case.

The first paragraph, upon which issue was taken by the denial, sets up, that the plaintiff is a foreign insurance company, organized under the laws of Ohio; that the contract of insurance was made in Indiana, through an agent resident therein; that prior to the execution of the policy, the company and the agent had failed to comply with the requirements of the act of December 21st, 1865, regulating foreign insurance companies and their agents.

The fourth, to which the demurrer was sustained, omits the allegation of non-compliance with the statute, averring the other facts contained in the first.

The note on its face imports a valid consideration. It is incumbent on the appellant, before he can avoid his liabili-

ty thereon, to aver and prove its invalidity. It is not enough to show that the plaintiff is a foreign insurance company, and that the contract of insurance was entered into in this State, through an agent resident therein, but he must go a step further and show a non-compliance with the statute.

The court below committed no error in sustaining the demurrer.

This disposes of the only remaining question in the case. The court committed no error in overruling the motion for a new trial. The burden of the issue being on the defendant, it was necessary for him to prove the allegation in the answer, of non-compliance with the statute. But he failed to introduce any evidence whatever.

The plaintiff introduced in evidence the note sued on, and the certificate of the Auditor of State showing a substantial compliance with the statute.

Judgment affirmed, with costs, and ten per cent. damages.

*S. Carter* and *W. R. Johnston,* for appellant.

*J. B. McCrellis,* for appellee.