Jackson *vs.* Langston & Crane.

JACKSON *vs.* LANGSTON & CRANE.

[WARNER, Chief Justice, was providentially prevented from presiding in this case.]

1. When a fertilizer is purchased and accepted with warranty by the seller "as to its effect on crops only as to the analysis of the state inspector as evidenced by his brand on each and every package," the purchaser cannot, after using the fertilizer, avoid paying the stipulated price, if the packages were actually branded in the way contemplated by the contract.

2. The legal evidence justified the verdict, and if any of the testimony was inadmissible it was wholly immaterial to the merits of the controversy and could do no harm.

Sales. Warranty. Fertilizer. Evidence. Before Judge RICE. Jackson Superior Court. February Term, 1878.

Langston & Crane brought suit in the justice court of the 243d district G. M., against Jackson, on a note for $53.00, given for commercial manure, known as Bradley's Palmetto Acid. The note contained this stipulation : " It is expressly agreed and understood that I buy said commercial manure for my own use, to be used on lands cultivated by or for me, and it is guaranteed to me as to its effect on crops only as to the analysis of the state inspector, as evidenced by his brand on each and every package, and I hereby accept the said analysis as evidenced by said brand as a co.rect estimate of the commercial value of said fertilizer." The justice rendered judgment for the plaintiff, and the case was carried by appeal to the superior court.

The defendant pleaded the general issue, that there was no brand of the state inspector on the sacks containing the fertilizer sold to him, and that it was valueless as a manure.

The evidence as to whether the sacks were branded or not was distressingly conflicting. There was sufficient to sustain a verdict either way. The jury found for the plaintiffs. The defendant moved for a new trial upon the following grounds :

1. Because the court erred in charging the jury as follows : "The question for you to determine is, has the de-

fendant proved to your satisfaction that the sacks of fertilizers for which the note was given, were not stamped with the brand of the inspector of fertilizers as the defendant insists. If you believe, from the evidence, that the sacks were not so stamped, then you should find for the defendant; but if you believe, from the evidence, that the sacks were so stamped, then the plaintiffs are entitled to recover."

2. Because the court erred in charging as follows: " The defendant having bought the fertilizer without any guaranty as to its effect on crops, only as made by the inspector's brand, and having accepted the analysis of the fertilizer as evidenced by the inspector's brand as a correct estimate of the commercial value of said fertilizer, the defendant is bound by his contract, and according to his contract he cannot defend this action by showing that the fertilizer was of no value, and that he was not benefited by it."

3. Because the verdict was contrary to the law and the evidence.

Other grounds were relied on, but they are not material here.

The motion was overruled and the defendant excepted.

JACKSON & THOMAS; ERWIN & COBB, for plaintiff in error, cited 54 *Ga.*, 527; 56 *Ib.*, 557; 60 *Ib.*, 520; 49 *Ib.*, 620; 25 *Ib.*, 504.

P. G. THOMPSON; T. W. RUCKER; W. J. PIKE, for defendants.

BLECKLEY, Justice.

The implied warranty of the Code (section 2651) does not operate where the parties, by their contract, have expressly agreed upon a different warranty, whether it be more limited or more extensive. Here the parties shaped for themselves the warranty which suited their wishes. What can be more express than this language: "It is guaranteed to me as to its effect on crops only as to the analysis of the

state inspector, as evidenced by his brand on each and every package; and I hereby accept the said analysis as indicated by said brand as a correct estimate of the commercial value of said fertilizer." The inspector's analysis was made the measure both of fertilizing power and commercial value, and the inspector's brand was made the evidence of the analysis. If, therefore, the genuine brand of the inspector was on each and every package, and if the fertilizer had not been tampered with or adulterated after it passed through the inspector's hands, the buyer received precisely what he purchased, and no breach of the seller's warranty has occurred. In the absence of all fraud on the part of the seller, (and there is no evidence of any fraud in this case), the effect of such a warranty is to throw upon the buyer the risk of everything but the genuineness of the inspector's brand. Whether the packages in fact had upon them the inspector's brand, was a question for the jury. There ought to be no difficulty in drawing the distinction between this case and that in 60 *Ga.*, 520. The mere affirmation that "This fertilizer is sold under the inspection and analysis of Dr. A. Means, inspector at Savannah, and the Department of Agriculture at Atlanta," is no exclusion of the implied warranty of the Code; but so to hold is not inconsistent with the proposition that the parties may exclude the implied warranty if they will. Here they have done so, as to the quality and commercial value of the fertilizer, though not, of course, as to title, and nothing we have said is to be understood as intimating that express warranty confined to quality, etc., would supersede the implied warranty in respect to title. We have no such thought.

2. There was enough evidence to justify the verdict. That part of it which was of doubtful admissibility was entirely immaterial to the real merits of the controversy. It could do no harm, and may now be ignored. The charge of the court was correct.

Judgment affirmed.