## Kleckley *vs.* Leyden.

[Warner, Chief Justice, being engaged in presiding over the senate, organized as a court of impeachment, did not sit in this case.]

1. A note given on the 27th of April, 1877, for the price of a fertilizer, stipulated as follows : "It is expressly understood, agreed, and covenanted that said Leyden sells said fertilizer on the state inspector's analysis as to quality and effect on crops, his brand being on every sack, and that I accept said inspection as final in regard to its quality, I waiving all pleas of failure of consideration." The buyer pleaded failure of consideration, averring, among other things, " that the plaintiff did not furnish defendant with any analysis; that there was no analysis of the state inspector on any of the sacks; that the said fertilizer was not in sacks, barrels, or other vessels, so that they might be branded by the state inspector; and that defendant had no means of knowing the constituents of said fertilizer."

*Held*, that, on demurrer to the plea, these allegations were to be taken as true, and that so taking them, the seller did not in fact deliver the restricted guaranty which the contract contemplated, and that the parties were therefore remitted to the general warranty implied by law.

*Held*, further, that it being a penal offense to sell a fertilizer not duly branded or marked, no such sale can be the basis of a legal contract, and if the illegality be properly pleaded and proved, no recovery can be had for the price.

2. If the note sued upon stipulates for the payment of counsel fees, and a copy is attached to the summons in the county court, no claim for such fees need be expressly set out in the summons in order to render evidence as to the amount admissible.

3. After verdict, it is too late to raise the question as to whether the jury trying the appeal ought to have been taken from the grand jury instead of from the petit jury.

Contracts. Warranty. Sales. Pleading. Jury. Before Judge CRISP. Macon Superior Court. May Term, 1879.

Reported in the opinion.

W. S. WALLACE; R. T. NELMS, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Justice.

1. The demurrer to the plea admitted the facts alleged in the latter to be true. By fair intendment, one of these facts was that the fertilizer was not in fact branded or marked. The inspector's brand was the restricted guaranty, or the sign or emblem of it, which the contract contemplated, and if there was no brand, there was no delivery of the restricted guaranty. The consequence would be that the parties would be remitted to the general warranty implied by law. 61 *Ga.*, 392.

Moreover, it is to be observed that at the date of this contract it was a penal offense to sell a fertilizer not duly branded or marked; and this being so, no such sale could be the basis of a legal contract. We are not sure that illegality, as a distinct substantive defense, was sufficiently pleaded, but with a proper plea of that nature, and it established, there could be no recovery.

2. Evidence was admissible to show what was a reasonable allowance for counsel fees. The note stipulated for the payment of counsel fees, and a copy of the note in full was annexed to the summons. Suit by summons is rather by way of hint or suggestion, than by way of full and ex-

plicit declaration. The debtor having promised to pay counsel fees in case of suit, could not be much surprised, after being refreshed by service of a copy of his note containing the promise. He might reasonably expect that the plaintiff would proceed for all to which the contract entitled him, though no express claim for counsel fees was made in the summons.

3. After you have accepted your jury, and they have rendered their verdict against you, it is too late to inquire from what list they were taken, or from what box their names were drawn. This seems so obvious that we can almost wonder that it has been made a question.

For error in striking the plea, judgment reversed.