KINNEY v. McDERMOT.

1. **Contract**: WHEN MADE ON SUNDAY: RIGHTS OF PARTIES: A party to whom property has been delivered under a contract made on Sunday may maintain replevin therefor, if retaken from his possession without his consent by the other party.

*Appeal from Buena Vista Circuit Court.*

WEDNESDAY, APRIL 20.

THIS is an action of replevin and the amount in controversy is less than $100. There was a trial by jury. There was no conflict in the evidence. The court instructed the jury to return a verdict for the plaintiff. Defendant appeals.

*H. W. Weeden, Wm. Wart,* and *Robinson & Milchrist,* for appellant.

*C. D. Goldsmith,* for appellee.

ROTHROCK, J.—The trial judge made the following certificate upon which we are authorized under the statute to entertain the appeal.

1. On Sunday plaintiff agreed with defendant, at the house of the latter, to give defendant a horse and twenty-five dollars in exchange for a horse of defendant. This was consented to and on the same day pursuant to said agreement plaintiff left his horse with defendant and took the horse of the latter away. The money was to be paid the following Sunday at the house

of plaintiff. On Tuesday, following the exchange, defendant, in the absence of plaintiff and without his knowledge or consent, returned to the stable of the latter the horse received of him, and took the horse he had let plaintiff have away. A day or two later plaintiff replevied the horse so taken, and has since kept both horses, using the one returned by defendant and not offering to return either horse or money. Under these facts can the plaintiff recover in his action of replevin?'

2. Under the facts hereinbefore stated, can plaintiff recover in replevin when his alleged right of possession, under the issues made in the pleadings, depends upon the ownership of the property?

3. Is the plaintiff entitled to recover under the issues in this action and the facts as stated above?

A contract made and concluded on Sunday cannot be enforced by action. *Pike v. King,* 16 Iowa 49. It is illegal and the law in such cases will leave the parties where it finds them, or rather where they have placed themselves. If one party sells property to another on Sunday and delivers it, no action will lie for the price agreed to be paid therefor. *Pike v. King, supra..* If the defendant in the action had brought replevin for the horse instead of taking him by force he would have been defeated because he would have been obliged to introduce evidence to overcome the presumption arising from plaintiff's possession. By the acts of the parties in violation of law, the plaintiff became entitled to the possession of the horse. This possession was such that the defendant could not have recovered by action the price, if sold and not paid for, and could not maintain an action of replevin. He, however, wrongfully and by a trespass deprived the plaintiff of the possession. The question is will he be allowed to recover by force, what the law would not have aided him to recover peacefully.

It is insisted by counsel for appellant that because the plaintiff claims title to the horse he was bound to introduce evidence of such title, and could only do so by showing the

*1. CONTRACT: when made on sunday: rights of parties.*

Sunday contract. But according to the certificate of the trial judge the plaintiff was in possession and the defendant by force and without the knowledge of the plaintiff removed the horse from plaintiff's stable. The question is by what right did the defendant possess himself of the horse? The burden was on him to show his right. In doing so he would necessarily be compelled to introduce the Sunday contract as evidence.

In *Smith v. Bean*, 15 N. H., 577, referring to a contract of sale made on Sunday, it is said: "The transaction being illegal the law leaves the parties to suffer the consequences of their illegal acts. The contract is void so far as it is attempted to be made the foundation of legal proceedings. The law will not interfere to assist the vendor to recover the price. The contract is void for any such purpose. It will not sustain the vendee upon any warranty or fraud in the sale. It is void in that respect. The principle shows that the law will not aid the vendor to recover the possession of the property if he has parted with it. The vendee has the possession as of his own property by the assent of the vendor, and the law leaves them where it finds them. If the vendor should attempt to retake the property without process the law finding that the vendee had a possession which could not be controverted would give a remedy for the violation of that possession." See also Parsons on Contracts, Vol. 2, p. 764 . and note. The author admits there is some conflict of authority upon the question whether a vendee will be allowed to retain the property without paying the price. In our opinion he should, on the ground that the law will leave the parties where it finds them. It was held in *Pike v. King, supra*, that the plaintiff could not recover the value of the property aside from the price agreed upon, or, in other words, could not recover upon the *quantum valebant*.

AFFIRMED.