GUNDERSON v. RICHARDSON.

1. **Fraud:** CONTRACT MADE ON SUNDAY. An action will not lie to recover damages for fraudulent representations made as inducement to a contract entered into on Sunday.

*Appeal from Kossuth District Court.*

FRIDAY, APRIL 22.

THE following is a copy of the petition in this case: "For cause of action herein, plaintiff says: That on or about the first day of June, 1878, the plaintiff traded a pair of large work horses to the defendant for a pair of smaller horses and ninety dollars cash; that at and before said trade, and as an inducement to plaintiff to make said trade with defendant, the said defendant, with the intent and purpose to cheat and defraud plaintiff, did willfully, falsely, and fraudulently state

and represent that one of his said horses, to-wit, the dark bay, medium sized horse, was sound and all right in every way, except he had the horse distemper, but did not have the glanders, was getting over it and would be all right in a short time; that plaintiff, believing and relying upon the statements and representations so made by defendant, was thereby induced to trade for and take said horse as aforesaid; that in truth and in fact said horse did not have the disease commonly known as horse distemper, but did have the disease known as the glanders, nasal gleet, or farcy, which disease said horse had had for a long time and was of no value whatever, all of which facts were well known to defendant; that if the said horse had in fact been as defendant represented, he would have been worth one hundred dollars; that plaintiff took said horse to his home in Winnebago county, where he kept him with his other horse; that said diseased horse communicated said disease to plaintiff's other one, a black mare, that died with said disease about the first of September, 1878; that said last named mare was of the actual value of fifty dollars; that plaintiff, after he discovered that said horse so obtained from defendant had the glanders, returned said horse to defendant about the first of October, 1878, and tendered said animal to said defendant; that plaintiff spent a large amount of time in nursing and doctoring said horse, and that plaintiff's time so spent was about twenty days, which time was reasonably worth one dollar per day; that plaintiff expended two dollars for medicine for said last mentioned horse; that the reasonable expense of keeping said horse from the time he got the same from defendant up to the time plaintiff ascertained that said horse had the glanders, which was ninety days, was twenty-two dollars; that plaintiff has sustained damages by the acts of defendant, as aforesaid, in the full sum of one hundred and ninety-four dollars and fifty cents; wherefore plaintiff demands judgment against the defendant for one hundred and ninety-four and 50-100

dollars real damages, and three hundred and five and 50-100 dollars exemplary damages, and costs of this action."

One count of the answer was as follows: "Defendant further answering the plaintiff's petition says that said horse trade was entered into and consummated on the second day of June, 1878, which was the first day of the week, commonly called Sabbath." ·

There was a demurrer to said count upon the following grounds:

"1st.  The facts set forth in said count do﹡ not constitute a defense to the action for the reason that plaintiff is not trying to enforce a contract.

"2d.  Because this action is based upon fraud practiced by the defendant upon the plaintiff in the sale of personal property."

The demurrer was sustained.  Defendant excepted and appeals, and assigns the sustaining of the demurrer as error.

*George E. Clarke*, for appellant.

*J. H. Hawkins*, for appellee.

ROTHROCK, J.—It is well settled that when parties enter into a contract on Sunday, and either of them undertakes to

**1. FRAUD:** contract made on sunday.

enforce it by action, or to recover damages growing out of the illegal transaction, the law will leave the parties where it finds them, and no recovery will be allowed. The law leaves the parties to suffer the consequences of their illegal acts. *Pike v. King*, 16 Iowa, 49; *Kinney v. McDermot*, 55 Iowa, 674; *Smith v. Bean*, 15 N. H., 577.  In the last cited case it is said that "no action will lie for fraud or breach of warranty upon a Sunday contract."

Counsel for appellee contends, however, that this action is not for fraud or breach of warranty, but that it is an action for damages against the defendant for knowingly offering to trade a horse affected with the glanders, and that such act

Gunderson v. Richardson.

being unlawful and a crime under § 4056 of the Code the defendant cannot escape liability by asserting that his unlaw-ful and criminal act was committed on Sunday.

We have set out the petition, and the count of the answer demurrred to, because of this line of argument by defend-ant's counsel. It appears to us that, by all the allegations of the petition, the plaintiff bases his right to recover by reason of the contract for the exchange of the horses. To support these allegations it is absolutely essential to show that the exchange was actually made. He could establish his dama-ges in no other way. It was, therefore, incumbent on him to show the contract as he alleged it to be. This he could not do, for the law leaves the parties to such contracts where they place themselves. In other words, as appears from the peti-tion, both these parties were active participants in violating the law by entering into a contract on Sunday. The plain-tiff claims that in making the contract defendant defrauded him to his damage. The law will not afford him redress, and it will not avail the plaintiff to assert that the defendant, in making the Sunday contract, also violated another provi-sion of the criminal code.

The case, it appears to us, is essentially different from the case of one travelling on Sunday and being assaulted by another or injured by a defect in the highway. In the latter class of cases the plaintiff does not seek to enforce an illegal contract, or to recover damages growing out of such contract to which he was an active party; nor, as is said in *Schmid v. Humphrey*, 48 Iowa, 652, "is he seeking to enforce any right obtained by the breach of any law."

We think the demurrer to the answer should have been overruled.

REVERSED.