DISTRICT TOWNSHIP OF PLEASANT VALLEY v. CALVIN ET AL.

1. **Contract**: ILLEGAL: PARTIES NOT EQUALLY GUILTY. The board of directors of a district township, in violation of law, loaned the funds of the district to C., who gave to the district township his promissory note therefor with three others as sureties. In an action by the district township on the note against principal and sureties, *held* that the plaintiff was guilty of no illegal act, though its officers and the defendants were, and that plaintiff could recover alike as against principal and sureties.

*Appeal from Fayette Circuit Court.*

THURSDAY, JULY 13.

ACTION upon a promissory note. The defendant W. H. Harrington answered. There was a demurrer to the answer, which was sustained. The defendant failed to amend his answer. Judgment was rendered against him and he appeals.

*Ainsworth & Hobson* and *G. E. Dibble*, for appellant.

*Hoyt & Hancock*, for appellee.

ROTHROCK, J.—The note upon which suit is brought is in these words:

"$1,000. CLERMONT, June 7th, 1876.

"On demand after date for value received we promise to pay to the order of the District Treasurer of District Township of Pleasant Valley, One Thousand Dollars, with interest from date until paid at the rate of ten per cent, payable annually, and if interest is not paid when due to bear interest at same rates and terms. If sued I agree to pay expenses of collecting, including reasonable attorney fee."

This note was signed by J. P. Calvin, and three other parties, one of whom was appellant.

The following, among other indorsements, was upon said note.

"This note was given by J. P. Calvin for money loaned to him by board of directors, and delivered to him by treasurer under protest."

Appellant by his answer admitted the execution of the note, but denied his liability thereon, because the same was given by defendant to plaintiff for public money loaned by plaintiff to defendant in violation of law.

The demurrer was to the effect that the answer did not show that both parties were equally guilty of a violation of the statute, and that said loan was made by the officers of the plaintiff, and the plaintiff was guilty of no wrong

The act of the board of directors in making the loan was expressly prohibited by law. Code, § 3908. Appellant contends that the note is void and cannot be enforced, as being prohibited by this section of the Code, and we are cited to *Pike v. King*, 16 Iowa, 52; *Watrous & Snouffer v. Blair*, 32 Id., 62, and other cases, in support of the rule, that where a statute imposes a penalty for the commission of a particular act it implies a prohibiton, and a contract thus made cannot be enforced. See, also, the later cases of *Kinney v. McDermot*, 55 Iowa, 674, and *Gunderson v. Richardson*, 56 Iowa, 56.

These cases are all upon contracts made upon Sunday, or those founded upon champerty or other contracts involving acts prohibited by law, and where both parties are equally in the wrong. The reason of the rule is, that both parties being parties to the prohibited act, the law will not afford aid to either by allowing him to take advantage of his own wrong, but will leave both where it finds them.

The case at bar rests upon a different principle. The officers of the plaintiff committed a wrong in loaning the money. The defendants, it may be, violated the law in accepting the loan, but the plaintiff committed no illegal act. To hold that it did would involve the absurd rule that a public corporation, like a school district or county, cannot follow funds wrongly appropriated by their officers into the hands of third persons to whom the funds are loaned. Such a rule, instead

District Township of Pleasant Valley v. Calvin.

of administering justice and punishing wrong-doers, would be against public policy. It would in effect be rewarding crime at the expense of the public. The object of the statute which prohibits loaning the school funds is that it may be safely kept and sacredly applied to the purposes for which it is held by school districts. If we were to hold that a wrong-doer may take the money from the treasury with the consent of the officers and agents and then avoid his contract to pay because the act is prohibited by law, the very object of the statute would be defeated.

In *Denning v. State*, 23 Ind., 416, a case much like this in principle, it is said: "The case at bar must be deemed to belong to that class where the parties should not be deemed equally guilty. The auditor who is charged by law with the duty of loaning the fund cannot in any just sense be regarded as a party; he did not own the money; it belonged to others who were powerless to control him, and who had no agency whatever in the transaction which the statute forbade, and though the loss of the money loaned would incidentally subject the officer to liability upon his bond, yet it must primarily fall upon those who are entirely innocent."

It appears from the indorsement on the note that the money was actually loaned to Calvin, and though appellant does not in his answer claim that he has any defense which would not be available to Calvin, in his argument he claims that he did not receive any of the money. We think the appellant cannot escape liability because he was surety for Calvin. His act in executing the note must be presumed to have had as much influence in causing the money to be taken from the treasury as the act of Calvin. That he is equally liable see *Scotten v. The State*, 51 Ind., 52.

AFFIRMED.