202    SUPREME COURT OF GEORGIA.

Stanley vs. The Richmond & Danville Extension Company: etc.

## STANLEY vs. THE RICHMOND & DANVILLE EXTENSION COMPANY.

In  suit by a widow against a railroad for the homicide of her husband, the evidence for the plaintiff was as follows:   The deceased was employed by defendant to work on a railroad; while so employed, one A., as "boss," directed him, together with other hands, to push certain cars loaded with iron, and directed them to stand on the side and shove them; the deceased voluntarily placed himself between two flat cars, and while they were being pushed and in motion, he fell; the car ran over his foot or leg, and from the injury so received he died.   It did not appear when the deceased placed himself between the cars, that the "boss" knew he had done so, or what relation this "boss" sustained to the deceased and his associates:

*Held*, that the evidence failed to make out any case against the railroad, and a non-suit was properly awarded.

Judgment affirmed.

February 2, 1884.

BLANDFORD, Justice.

---

## LEMAN vs. SAUNDERS et al.

1. This case is controlled by that of *Kleckley vs. Leyden*, 63 *Ga.*, 215.
2. There was no abuse of discretion in  refusing to grant a new trial on the ground that the verdict was contrary to law and evidence.

Judgment affirmed.

October 16, 1883.

BLANDFORD, Justice.

---

## EDWARDS & DUKES vs. HARRELL.

Every material question in this case is  covered by the opinion in the case of *Daniel vs. Edwards & Dukes et al.*, decided today.

Judgment affirmed.

September 18, 1883

HALL, Justice.