## BAKER and others *v.* BURTON.

*(Circuit Court, S. D. Georgia, W. D.   1887.)*

1. SALE—VALIDITY—VIOLATION OF INSPECTION LAWS.
   A sale and delivery by a manufacturer or merchant of commercial fertilizers in this state, without any compliance with the laws relative to the inspection and analysis of the same, is absolutely void.

2. SAME—KNOWLEDGE OF PURCHASER.
   A merchant in this state, who receives such fertilizers with the knowledge that they have not been analyzed and inspected as required by law, and who sells the same to the farmers, is a participant in the wrong, and cannot recover, on a set-off, amounts paid to the manufacturer for such fertilizer.

*(Syllabus by the Court.)*

Motion to Direct a Verdict
*Hill & Harris*, for plaintiff.
*E. G. Simmons*, for defendant.

SPEER, J.   This is an action on account, brought by the manufacturer of a commercial fertilizer.   The defendant, Burton, a dealer in fertilizers, had purchased of the plaintiffs, the manufacturers, 40 tons of "Solid South" guano, and plaintiffs seek to recover the promised purchase money.   The evidence disclosed the fact that the guano was not tagged or branded, nor had it been inspected or analyzed, as required by law. It certainly could not have been contemplated by the legislature that the person who distributes fertilizers in Georgia without a compliance with the laws relating to the inspection, tagging, or branding of the same should be punished, while the manufacturer who shipped his fertilizers into the state, in disregard of these same laws, should go unscathed, and be able to recover the amount claimed to be due for the sale of fertilizers, without reference to the statute preventing such recovery.   The law was intended for all.   It was intended for the man who sells, and also for the man who ships, no matter where he resides, as well as for the man who distributes.   The entire transaction is illegal, and violates section 1575 of the Code.   The meaning of that section is very clear.   The manufacturer who makes the article in this state shall have it inspected at the mill or factory where it is made.   Certainly there the obligation is on the manufacturer.   If manufactured outside of the state, the statute declares it shall be inspected at the place of delivery to the Georgia merchant who sells in large quantities.

Can it be contended that the legislature would provide one rule for the manufacturer in this state, and another for the manufacturer out of the state, but who sells his product here?   I think not.   The manufacturer in this state must see to the inspection, and one who manufactures outside of the state must see before he sells it that it is inspected as provided by law.   The manufacturer outside of the state is as much inhibited from selling it as the former, without inspection.   Nor does section 1553 of the Code help the plaintiff in this case.

It is said, however, that this manufacturer does not live in the state, and therefore could not be guilty of a misdemeanor. The only thing that saves him is the fact that the courts of the state cannot reach him. This act is none the less illegal, and none the less vitiates the contract. It is true, however, in this case, that the defendant was as much a party to the violation of the law as the plaintiff, and neither of them has any standing in the court. He may not recover on his set-off for the amount he has already paid, nor can the plaintiff recover.

The jury is directed to find for the defendant, without costs.