WILLIAM KELLEY *et al.*, Appellants, v. ANDREW COSGROVE, Appellee.

1. **Contracts Made on Sunday:** RESCISSION. A party is not entitled to the rescission of a contract of exchange of personal property upon the ground that it was made on Sunday, where it appears that no advantage has been taken by either party, and neither has suffered loss by the transaction.

2. **Practice:** CHANGE OF VENUE. The right to a change of venue upon the ground that the action has been brought in the wrong county cannot be determined upon an issue joined under allegations contained in the defendant's answer.

*Appeal from Hancock District Court.*—HON. G. W. RUDDICK, Judge.

TUESDAY, JUNE 2, 1891.

ACTION of replevin for a horse. The petition shows that the plaintiffs were the owners of the horse in question, and that on Sunday, the eleventh day of August, 1889, they traded or exchanged said horse with the defendant for a certain mare, the exchange of possession being made on that day; that on the next day Thomas Kelley, as the agent of the plaintiffs, tendered back the mare, and demanded a return of the horse, for the reason that the exchange or trade was made on Sunday, and was therefore void, which the defendant refused; and that the exchange of horses was not a work of charity or necessity. The answer of the defendant admits that he went to the defendant's place of business on Sunday, and then and there made the exchange of horses referred to in the plaintiffs' petition, and that said exchange was complete in every respect and particular, the plaintiffs taking the mare referred to in the petition, and the defendant taking the horse therein referred to; that said exchange was completed in all respects on the day and date above

mentioned. The defendant also admits "that the said trade and transaction was not an act or work of charity or necessity," and that a re-exchange of horses was demanded and refused. Upon this state of the proceedings as to the issue presented the plaintiffs moved the court for judgment in their favor for the possession of • the horse and for costs on the ground that the exchange of horses was a Sunday contract, and the plaintiffs had tendered back the mare, and demanded a return of the horse, which was refused. The court overruled the motion and the plaintiffs elected to stand thereon. The court then proceeded to try an issue involving the proper venue of the cause, and upon the hearing transferred the cause to Kossuth county, and allowed the defendant twenty-five dollars because of the suit having been brought in the wrong county. The plaintiffs appeal.—*Reversed in part, and in part affirmed.*

*W. E. Bradford,* for appellants.

*W. B. Quarton* and *R. J. W. Bloom,* for appellee.

GRANGER, J.—I. These parties met and exchanged horses on Sunday. The transaction was unlawful.

1. CONTRACTS made on Sunday: rescission.

The record does not disclose that either • party suffered a loss in the transaction. It was an exchange of a horse for a horse, and there is no averment or claim that they are not of equal value. The parties were alike in the wrong, and the law makes the same presumption for and against each. If this exchange had been made on a secular day, there could be no pretense of the plaintiffs' right of recovery. The question is, therefore, one of a naked legal right, not to relief from the consequences of a violated law, but to invoke the aid of a violated law to relieve them from what would otherwise be legal. It is well settled that the law will not aid the parties to enforce a contract made on Sunday. Thus if A sells

his horse to B on Sunday on credit the law will not aid him to enforce a payment. It will sooner permit him to suffer the loss. Much less will it, if he sells his horse on Sunday, and receives in money the full value thereof, assist him on Monday to return the money and regain his horse. This supposed case as against the appellants is not stronger than the one at bar. It is not important that we should discuss cases in which one party has a superior advantage, and is seeking to take the property of another without compensation, or to make rich gains by means of the Sunday law. Without now committing ourselves to any theory in such cases, it is easy to imagine conditions and wrongs for which it would be difficult to believe the legislature ever designed the law as a shield. But it is not difficult to believe that the legislature never intended that the law against Sabbath-breaking should be a means of enabling parties, because its offenders, to escape that which but for the offense would be legal and just.

The appellants have made an extended collection of authorities bearing on the enforcement and application of Sunday laws to different facts, but no case is brought to our attention that, in its facts, is like this. The appellants criticise the holding in *Gunderson v. Richardson*, 56 Iowa, 56, and intimate that it should be overruled if it militates against their position in this case. It was held, in that case, that there could be no recovery for fraudulent representations made as an inducement to enter into a contract on Sunday. It is true that the holding and reasoning in that case is inconsistent with the appellants' position in this; but it does not follow that an adverse holding in that case would support the appellants' view in this. In that case the defendant pleaded the violation of the Sunday law as a defense or shield against a charge of fraud, and this court sustained the plea, upon the authority of

*Pike v. King*, 16 Iowa, 49, and *Kinney v. McDermot*, 55 Iowa, 674; citing, also, *Smith v. Bean*, 15 N. H. 577. The abstract contains a parenthetical statement that the petition originally contained allegations of warranty and false representations, "which allegations were stricken and withdrawn by the plaintiff," showing an intent to divest the record of such a claim. This case rests, then, upon this proposition: If a party, in violation of the law, parts with his property on Sunday, will the law for that reason alone aid him to regain it? Without hesitation, we answer, "No." The late case of *Foster v. Wooten*, 7 S. Rep. (Miss) 501, while it sustains our answer to the query, is of much broader significance; and we cite it only to the extent of its bearing on the question before us. It is there said: "Grant, then, that the sale was made on Sunday; what is the rule of law on such state of facts? Nothing more than absolute non-action. It will give neither party to the contract any assistance, nor listen to any complaint. It will leave the parties where it finds them. That is the extent of the rule. It cannot be reasonably asserted that the seller of the stock, L. D. Lewis, could have made any maintainable appeal to any court for the annulment of the trade and the recovery of the stock. Equally in fault with the buyer, A. F. Foster, the law would decline to afford him any countenance, leaving him just where it found him, and where his own act had placed him. With what show of reason can it be contended that the attaching creditor of L. D. Lewis could take any step for the assertion of any claim to the stock thus wrongfully sold on Sunday, which L. D. Lewis himself could not take? But this whole question has been too long and too firmly settled to be now disturbed. Neither L. D. Lewis nor the attaching creditor could dispossess the Sunday purchaser, or any purchaser under him. See *Block v. McMurray*, 56 Miss. 217, and cases there cited."

II.   The defendant filed a motion to change the place of trial to Kossuth county, on the ground that it was the county of his residence, which was overruled, and permission was given to him to answer in sixty days, and the cause continued.   Before answering, the defendant moved again to change the place of trial to Kossuth county, and supported the motion by affidavits that at the commencement of the action the horse in question was in Kossuth county, which motion was overruled. The defendant, in his answer, made allegations to the effect that at the commencement of this action he resided in Kossuth county, and that the horse in question was also in that county.   The plaintiffs moved the court to strike such allegations of the answer, which the court refused; and, after ruling on the plaintiffs' motion for judgment on the pleadings, the court, a the request of the defendant and against the objections of the plaintiffs, proceeded to investigate the facts as to the residence of the defendant and the location of the horse at the commencement of the action, and found them with the defendant, and by order changed the place of trial to Kossuth county, and allowed the defendant twenty-five dollars, as attorney's fees, for removing the cause to the proper county; and of this the appellant complains.

2. PRACTICE: change of venue.

It will be observed that the trial of the two motions involved the same issue of fact presented by the answer as to the venue of the action, and upon the motions the proper place of trial was determined to be in Hancock county.   We are unable to understand on what theory the same question should be again adjudicated upon averments in the answer.·  Code, section 2589, provides that, "if suit be brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demand a change of place of trial to the proper county."   The letter of the statute

requires the demand for a change to be made before
answer. The appellee's position is that by the motions
the demand was made before answer; but that it need
not be "disposed of before answer." The demand by
motion was disposed of before answer, and that demand
was no longer a subject of inquiry in the case; and the
investigation, after answer, was not on the motions,
but on the averments of the answer. The appellee
says, in argument, that the rulings on the motion were
right because of an allegation in the petition, "that the
defendant wrongfully detains possession of said gelding
from plaintiffs, at and in said Hancock county, Iowa,"
and that the allegations of the petition could not be
controverted by affidavits, and, hence, that the ques-
tion could properly be presented by averments in the
answer. The only possible significance of the allega-
tion in the petition was as to the right to bring the suit
in Hancock county. It was an unnecessary averment
to the plaintiffs' right of recovery. Code, section 3225,
prescribes the necessary averments in an action to
recover specific personal property, and one is not
required to aver the place where the property is
detained. It is unnecessary to allege a place, except
when it forms a part of the substance of the issue.
Code, sec. 2703. In *Jordan v. Kavanaugh*, 63 Iowa,
152, it is held that facts that relate only to the right to
bring a suit in a particular county, are not material to
a right of recovery; and where pleaded the defendant
is not bound by them, but may, on a motion to change
the place of trial, show by evidence that the suit is
brought in the wrong county. The defendant, then,
on his motions had the right, notwithstanding the
averments in the petition, to prove the facts entitling
him to a change of the place of trial. But, further,
the abstract affirmatively shows that on the trial of the
second motion the proofs, in its support and in resist-
ance, were directed to the particular question of the

place where the horse was at the commencement of the action. No objection appears to have been made by the plaintiffs to a full investigation on the motion, and the ruling thereon is, to our minds, conclusive of the question, and the motion to strike from the answer should have been sustained. The appeal in the case is from the two orders, and not from a final judgment.

On the appeal from the order changing the venue of the case the action of the court is REVERSED.

On that overruling the motion for judgment, it is AFFIRMED.