## BEECHER *v*. PERU TRUST COMPANY ET AL.

[No. 7,458.    Filed January 10, 1912.]

1. APPEAL.—*Assignments of Errors.—Rendering Judgment.*—An assignment, on appeal, that the court below erred in rendering judgment against appellant, presents no question. p. 186.

2. CONTRACTS.—*Void.—Conditions Precedent.—Failure to Perform.* —Where a statute forbids the carrying on of a business without the performance of a condition precedent, a contract made for the purpose of carrying on such business, without complying with such statute, is void. p. 187.

3. CONTRACTS.—*Void.—Statutes.—Misdemeanors.*—A statute making the carrying on of a business, without the performance of

some condition, a misdemeanor, makes void a contract made in violation thereof, though such statute does not in terms provide that such contract shall be held void. p. 187.

4. INJUNCTION.—*Transfer of Note.—Void.—License.—Stock Food. —Answer.—*In a suit to restrain defendants from transferring a bankable note alleged to have been executed without consideration, and through fraud, an answer that it was given for a certain quantity of stock food, that plaintiff was defendant's agent in Indiana to dispose of such food, such answer failing to show that defendants had done the requisite things entitling them to sell such food, is bad, there being no presumption that defendants had performed such conditions. p. 188.

5. PLEADING.—*Insufficient Answer.—Defective Reply.—*A defective reply is good enough for an insufficient answer. p. 191.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Suit by William C. Beecher against the Peru Trust Company and others. From a judgment for defendants, plaintiff appeals. *Reversed.*

*J. T. Cox* and *Claude Y. Andrews,* for appellant.

FELT, C. J.—This suit was brought by appellant against appellees Charles E. Duff, Orrin L. Parnell and the Pioneer Stock Powder Company, to restrain them from transferring by sale and indorsement a certain promissory note, payable at a bank in this State, to "C. E. Duff, trading as Pioneer Stock Powder Company"; also against the Peru Trust Company, in whose possession the note had been placed by Parnell, to restrain it from re-delivering said note to Parnell, Duff or the Pioneer Stock Powder Company.

Trial by the court, with a finding in favor of appellees, from which this appeal is taken.

The errors assigned are as follows: (1) Overruling the demurrer to the second paragraph of the answer of appellees Duff, Parnell and the Pioneer Stock Powder Company to appellant's complaint; (2) sustaining a demurrer to the second paragraph of appellant's reply to said answer; (3) overruling appellant's motion for a new trial; (4) rendering judgment in favor of all the appellees and against appellant.

The fourth assignment of error presents no question.

1.   The complaint is in two paragraphs, the substance of which is as follows: That appellee Duff was engaged in business under the name of "Pioneer Stock Powder Company;" that appellee Parnell was the agent of said Duff, and on February 4, 1907, procured from appellant a contract whereby he became the local agent of said company for the sale of certain stock food; that, after executing said agency contract, appellant was informed by said Parnell that he should execute to said Duff a note for $300, as a mere form, which note he (Parnell) would hold until the expiration of the one-year contract, and then return it to appellant for cancellation; that said representations were made for the purpose of defrauding appellant, and procuring from him said note for $300; that he was thereby induced to sign said note, which was given without any consideration; that said note was procured for the fraudulent purpose of negotiating it to some innocent purchaser; that appellees were offering to and would sell said note unless enjoined from so doing.

Appellees, by way of answer, aver that appellee Duff is the proprietor of said company, which is a partnership organized under the laws of Illinois; that it is engaged in manufacturing and selling certain stock powder and preparations to be fed to domestic animals; that the sale of said goods is carried on through agents and wholesale and retail dealers; that appellant was its agent for two townships in Miami county, Indiana, and the note mentioned in the complaint was given for 4,000 pounds of stock powder and eighty gallons of dip at the price named in the agency contract, and was of the value of $300; that the goods were to be shipped from Bloomington, Illinois, at such times and in such quantities as appellant should designate; that said note was given for a valuable consideration, fully understood and known to appellant at the time, is the property of appellees, and they are entitled to its possession.

The sufficiency of this answer is assailed because it fails to

aver that appellees, in the sale of their stock food, complied with the act of 1907 (Acts 1907 p. 354, §§7939-7949 Burns 1908), requiring tests, inspection and registration of such foods before they are offered for sale in this State.

Section 7944 Burns 1908 provides in part as follows: "Any person, company, corporation or agent that shall offer for sale, sell or expose for sale any package or sample or any quantity of any concentrated commercial feeding stuff which has not been registered with the State chemist as required by §1 of this act, or which does not have affixed to it a tag and stamp required by §2 of this act,  *  *  * shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in the sum of $50," etc.

We have not been favored with a brief from the appellees.

The prevailing weight of authority establishes the proposition that where a statute forbids carrying on a business without first procuring a license, paying a tax, and 2. complying with prescribed tests, inspection, registration or the like, contracts made by persons in carrying on such business are void, though the statute contains no express provision to that effect.

If the statute prescribes what shall be done before the right to do a certain thing, or carry on a certain business, is granted, and prohibits such business under penalty, 3. the fact that the violation of the act is made a misdemeanor implies a prohibition, and gives to it the same effect it would have if the statute expressly declared void contracts made in carrying on such business. *Mullikin* v. *Davis* (1876), 53 Ind. 206; *Skelton* v. *Bliss* (1855), 7 Ind. 77; *Madison Ins. Co.* v. *Forsythe* (1851), 2 Ind. *483; *Siler* v. *Sheets* (1855), 7 Ind. 132; *Winchester, etc., Light Co.* v. *Veal* (1896), 145 Ind. 506-511; 21 Am. and Eng. Ency. Law (2d ed.) 823; *Vanmeter* v. *Spurrier* (1893), 94 Ky. 22, 29, 21 S. W. 337; *Woods & Co.* v. *Armstrong* (1875), 54 Ala. 150, 25 Am. Rep. 671; *Allen* v. *Pearce* (1890), 84 Ga. 606, 10 S. E. 1015; *Johnston Bros. & Co.* v. *McConnell*

(1879), 65 Ga. 129; *Conley* v. *Sims & Blalock* (1883), 71 Ga. 161; *Kleckley* v. *Leyden* (1879), 63 Ga. 215; *Baker* v. *Burton* (1887), 31 Fed. 401; *Pacific Guano Co.* v. *Mullen* (1880), 66 Ala. 582, 590; *McConnell* v. *Kitchens* (1883), 20 S. C. 430, 47 Am. Rep. 845.

The further question remains to be considered, whether appellees will be presumed to have complied with the law, or must aver compliance to make the answer sufficient as showing a good consideration for the note in question.

The complaint alleges that the note was given without any consideration, and also avers facts tending to show that it was procured by fraud, and that appellees had no right to sell or transfer it.

Some courts have held that when an act is required by the law to be done, and a failure so to do is made a misdemeanor, the presumption will be indulged that the law has been complied with. On the other hand, the better reason and the weight of authority is to the effect that when the law fixes certain requirements as conditions precedent to the right to carry on a certain business or profession, or perform certain acts, and affixes a penalty for noncompliance, the person seeking a recovery, or setting up a defense depending on such business or acts, must aver facts, bringing his complaint or defense within the requirements of the law, and not depend upon inference to supply such material facts.

This is in harmony with the general rules of pleading in our State. Ordinarily it is true that the presumption is in favor of compliance with the law. But where the business, profession or acts have been made the subject of legislation, and penalties have been fixed for failure to comply with the statute, the one who assets a right based on such business, profession or acts, is by such law informed that his right depends on compliance with the statute, and that he cannot rely upon inference. *Jackson School Tp.* v. *Farlow* (1881),

75 Ind. 118; *Orr* v. *Meek* (1887), 111 Ind. 40; *Cooper* v. *Griffin* (1895), 13 Ind. App. 212, 219; *Benham* v. *State* (1888), 116 Ind. 112; *Bedford Belt R. Co.* v. *McDonald* (1895), 12 Ind. App. 620; *Hill* v. *Ward* (1910), 45 Ind. App. 458; *City of Montpelier* v. *Mills* (1908), 171 Ind. 175.

Some of the foregoing cases were suits by physicians to recover for professional services. The act of 1885 (Acts 1885 p. 197) expressly provided that a physician could not recover for professional services rendered without a license prescribed by the act. The later act of 1897 does not contain such provision, but does, like the former act, make it a misdemeanor to practice medicine without a license, and fixes a penalty. §§8400, 8410 Burns 1908, Acts 1897 p. 255, §§1, 9.

In the case of *Hill* v. *Ward, supra,* the rule established under said act of 1885 is followed, and it was there held that it was a good defense to a note given to a physician, and held by a third person, to aver that the note was given for medical services rendered by a person not duly licensed as a physician.

In the case of *Jackson School Tp.* v. *Farlow, supra,* a school teacher brought suit upon a contract with the trustee. The complaint, which did not aver that appellee had obtained a license as required by the statute, was held good by the lower court. It averred that the teacher was "prepared and qualified in every particular to perform all the conditions of the contract." In that instrument the appellee was designated as "James Farlow, a licensed teacher," but on appeal the complaint was held insufficient for want of a positive averment that the teacher had obtained and held a license as required by the law. Also that the general averment of qualifications could not take the place of the license, which is the only evidence of such qualifications recognized by the law, and that the recital following the name in the contract was also insufficient to cure the defect. The court said: "A pleader who seeks to bring himself

within a statute must state, not in the form of a conclusion of law, but as a traversable fact, the act done by him and relied upon as bringing him within the statute.''

When it is disclosed by the pleading that the consideration relied upon for a recovery, or as a defense, arises out of a transaction around which the law has thrown certain restrictions and limitations, and made compliance therewith a condition precedent, under penalty, to the carrying on of such business or transaction, the pleading will be held insufficient if it does not aver facts showing compliance with the statute.

In this case, appellees, to overcome the averments of the complaint that the note was given without consideration and procured by fraud or under circumstances that did not give to them the right to sell or transfer it, averred that the note was given for 4,000 pounds of stock powder sold by appellees to appellant. The pleading thus disclosed that the consideration was either valid, or invalid, depending upon compliance with the statute. When this appeared, upon the face of the answer, to make it good it was necessary to remove the element of doubt by positive averments showing compliance with the statute.

There are some cases that may seem to be in conflict with this conclusion, but on careful analysis they are found to be in harmony with the conclusion here announced. This class of cases deals with notes given to foreign insurance companies doing business in this State, and with similar conditions. In suits upon such notes, it has been held that the note alone is the foundation of the action, that it implies a good consideration, and the objection, if any, on account of the consideration, not appearing upon the face of the complaint, must be raised by answer. *Block* v. *Enterprise Ins. Co.* (1870), 33 Ind. 223; *Cassaday* v. *American Ins. Co.* (1880), 72 Ind. 95.

These cases approach the question from a position the reverse of what we have in the case at bar. Here the complaint challenges the validity of the consideration and the

right to transfer the note, and appellees seek to meet these averments by alleging that the consideration is based upon the sale of a commodity of a character that makes the note void unless the statute has been complied with. Certainty and definiteness are requisites of good pleading, and in the answer before us these requisites are not satisfied so long as the doubts exist that can be eliminated by direct and positive averments which show that the requirements of the law have been satisfied.

This conclusion makes it unnecessary to consider the second assigned error, but we may say that in view of the ruling of the lower court on the answer, the reply 5. proceeded upon a correct theory, and if its averments would be insufficient, when directed to a good answer, as the answer in this case is bad, the reply is sufficient. *Beckett* v. *Little* (1899), 23 Ind. App. 65; *Paden* v. *Cavins* (1893), 134 Ind. 494, 39 Am. St. 276.

The questions presented by the motion for a new trial do not require consideration, in view of the foregoing conclusions. What we have already said, disposes of the controlling questions in the case, and this opinion need not be further extended.

The judgment is therefore reversed, with instructions to the lower court to sustain the motion for a new trial, to sustain the demurrer to the second paragraph of answer, and for further proceedings in accordance with this opinion.