[No. 8,878.   Department Two.—March 5, 1885.]

J. S. MOSELEY, RESPONDENT, v. GEORGE K. HENEY, ADMINISTRATOR OF THE ESTATE OF DONALD MORRISON, DECEASED, APPELLANT.

PLEADING—ACTION AGAINST EXECUTOR—ALLEGATION OF REPRESENTATIVE CHARACTER.—Where the complaint in an action against an executor contains several causes of action separately stated, an allegation showing the defendant's representative character need not be contained in each count. One such allegation at the conclusion of the complaint is sufficient.

ID.—WIFE'S EARNINGS—HUSBAND MUST SUE FOR—EVIDENCE—WIFE AS WITNESS.—The husband is the proper plaintiff in an action to recover the proceeds of his wife's labor, in the absence of an agreement between them making such proceeds her separate property.   In such an action against the personal representative of the deceased debtor, the wife is a competent witness for her husband.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order refusing a new trial.

The action was brought to recover an amount due for boarding and lodging defendant's testator, and for services rendered him during his lifetime. The court found that the wife of plaintiff personally did all of the work and services sued for, and furnished all of the articles for his sustenance on her own individual credit. The further facts are sufficiently stated in the opinion of the court.

*J. J. DeHaven,* for Appellant.

Each count of the complaint should have contained an allegation of the testator's death and of the probate proceedings. (Bliss on Code Pleadings, § 121; Pomeroy's Remedies, § 575; *Haskell* v. *Haskell,* 54 Cal. 262.) The earnings of the wife were her separate property, and she should have brought the action. (Civil Code, § 158; *Mason* v. *Dunbar,* 43 Mich. 407; *Rawson* v. *Pennsylvania R. R. Co.,* 48 N. Y. 212.) The wife of plaintiff was not a competent witness in his behalf, as she was the party in whose behalf the action was prosecuted. (Code of Civil Proc., § 1880.)

*Weaver & Melendy,* and *James Hanna,* for Respondent.

The indebtedness, for the recovery of which the action is brought, is community property. (Civil Code, § 164; *Connors* v. *Connors,* 4 Wis. 112; *Meyer* v. *Kinser,* 12 Cal. 247; *Pixley* v. *Huggins,* 15 Cal. 127; *McDonald* v. *Bodger,* 23 Cal. 393; *Wedel* v. *Herman,* 59 Cal. 507.) Section 168 of the Civil Code does not make the earnings of the wife her separate property; it simply takes them out of the rule that all community property is liable for the debts of the husband. (*Hoyt* v. *White,* 46 N. H. 45; *Birkbeck* v. *Ackroyd,* 74 N. Y. 356.) Section 1880 of the Code of Civil Procedure, which prohibits parties or their assignors, or persons in whose benefit an action is prosecuted, from testifying when the adverse party is the executor or administrator of a deceased person, does not disqualify the wife of the claimant; and she is competent to give evidence

sustaining his claim against the estate. (*Shafer* v. *Dean*, 29 Iowa, 144; *Wendeling* v. *Besser*, 31 Iowa, 248.)

MYRICK, J.—Action to recover an alleged indebtedness due from defendant's testator. Causes of action are separately stated in the complaint. Following these allegations is an allegation of the death of the testator, and of the proceedings in probate. Objection is made that the allegations as to the death and the proceedings in probate are not separately stated in each count. The point is not well taken. The allegations may be considered as referring to either and both of the counts.

The subject of the action was community property; no such agreement existed between plaintiff and his wife as made the proceeds of her labor her separate property; therefore, the husband was the proper plaintiff. Such being the case, the wife was not incompetent as a witness, under the code.

We think the findings were sustained by the evidence; we see no error. On the contrary, there is no merit in the appeal.

Judgment affirmed.

SHARPSTEIN, J. and THORNTON, J., concurred.