### ALLEN v. PEARCE.

Where a sale was made of fifteen tons of guano in an entire contract, and a note given therefor, if any of the bags of guano in the fifteen tons had not been branded and tagged according to law, the con-

sideration of the note was illegal in part and the whole promise failed. The contract could not be severed so as to authorize a recovery for that portion of the guano which had been branded.

March 10, 1890.

Contracts. Promissory notes. Fertilizers. Before Judge SMITH. Talbot superior court. March term, 1889.

Reported in the decision.

J. M. MATHEWS and WILLIS &' PERSONS, by C. J. THORNTON, for plaintiff in error.

MARTIN & WORRILL and JOHN PEABODY, *contra.*

SIMMONS, Justice.

Pearce sued Allen on a promissory note, which note was given by Allen for fifteen tons of guano. Allen pleaded that the note was given for commercial fertilizer, the fertilizer being put up in sacks which, when sold and delivered to him, were not branded with the inspector's brand, nor did they have tags or other device of the inspector showing the analysis of the guano; and that the consideration of the contract sued on was void, because the sacks containing the fertilizer did not have on them the marks or brands of an inspector of fertilizers. The jury found for the plaintiff, and defendant moved for a new trial, which was refused by the court, and he excepted.

One of the errors complained of is the charge of the court as set out in the fourth ground of the motion, which is as follows: " Ascertain from the evidence if all the sacks were tagged and branded with the analysis of the guano, and if they were not so tagged and branded, ascertain how many were tagged and branded, if any; and if you find that they were all tagged and branded, you will be authorized to find for the plaintiff; but if you should find that some were tagged and branded, and some were not, then you would be author-

ized to find for the plaintiff for as many as were tagged or branded, and for no more." We think the court erred in giving this charge. Under the code, §1553(a), it is made a penal offence for any manufacturer, dealer or other person, to sell any fertilizer in this State without having a brand, tag or such other device as the commissioner of agriculture may require, branded on the bag or barrel containing the same, which shall show the analysis thereof. If the fertilizer is sold without complying with this requirement of law, the contract is illegal and void. The contract sued on in this case was for fifteen tons of guano. It was an entire contract. Therefore, if any of the bags of guano in the fifteen tons had not been branded and tagged according to law, the consideration of the note sued on was illegal in part, and the whole promise failed. The code, §2745, says: " If the consideration be good in part and void in part, the promise will be sustained or not, according as it is entire or severable, as hereinafter prescribed. But if the consideration be illegal in whole or in part, the whole promise fails." This being an entire contract, it could not be severed so as to authorize a recovery of that part of the guano which was branded; and therefore, if any part of the consideration was illegal, under the section of the code above cited, the whole promise would fail. If the suit had been on an account for so many tons of guano, then the contract would have been severable, and the plaintiff could have recovered for that part of the guano which had been branded, and therefore had a good consideration, while the defendant could have defeated a recovery for that part of the guano which had not been branded, and which made the consideration illegal.     *Judgment reversed.*