[ Filed May 12, 1890.]

## W. J. SNODGRASS, APPELLANT, v. W. H. ANDROSS AND W. H. ANDROSS, JR., RESPONDENTS.

PLEADINGS—CONFESSION AND AVOIDANCE NOT INCONSISTENT.—Defenses in a pleading can only be adjudged inconsistent when they are so contradictory of each other that some of them must necessarily be false. Where a defendant in an answer denies positively the allegations of a complaint, and then pleads as a defense thereto new matter in the nature of confession and avoidance, the denial and new matter are not necessarily inconsistent with each other, as it is possible for both of them to be true.

APPEAL from Umatilla county: JAS. A. FEE, judge.

The appellant commenced an action against the respondents for the recovery of money. He alleged in his complaint that about April, 1883, he made an agreement with respondents to let to them 500 head of ewe sheep for the term of five years from August 1, 1883, for one-half of the wool and one-half of the increase, the respondents to be at the expense of feeding, herding and caring for the sheep during the term; that by reason of the fact that no lot of sheep could, at the time, be found satisfactory to the parties, the time for furnishing the sheep to respondents was extended by mutual agreement; that appellant, about June 1, 1884, in accordance with the agreement, furnished to respondents 600 head of ewe sheep, which were unsheared and had with them 427 lambs; that by reason of the fact of the sheep being unsheared and having with them the lambs, and of their having been fed and cared for from August 1, 1883, until the time of their delivery to the respondents, the appellant was compelled to pay for them $1,200 more than their value would have been on August 1, 1883; that in consideration of the appellant's delivering to the respondents the said sheep unsheared, and of their having lambs, the latter agreed to pay the former the reasonable value for the herding, feeding and caring for them from said first day of August, 1883, to the time of their delivery, and that the reasonable value thereof was $1,075, which sum the respondents had neglected and refused to pay. The complaint also contained two other

causes of action, one of which was for furnishing pasturage for certain horses and cattle belonging to respondents during the years from 1883 to 1887, both inclusive, for which he claimed $290. The other was the use of a stallion during the season of 1885, for which he claimed $100.

Respondents filed an answer to the complaint in which they admitted the agreement wherein appellant was to let to them the 500 head of ewe sheep upon the terms mentioned in the complaint, and of the furnishing them the 600 head of unsheared sheep and their lambs, but denied that the time for furnishing said 500 head was extended by mutual agreement of the parties or by any consent or agreement of the respondents, or that in consideration of appellant's delivering to them said 600 head of sheep with their lambs, or otherwise, they undertook or agreed to pay appellant for herding, feeding or caring for said sheep from August 1, 1883, up to the time of said delivery, or for any other time, the sum of $1,075, or any other sum. The respondents for a further defense to appellant's first cause of action, averred that in the fall of 1885 they fully paid the appellant all demands on account thereof by paying to him the sum of $383.50, in full satisfaction and discharge of the same. And for a further defense thereto the respondents averred that in the year 1885 they and the appellant submitted said demand alleged in appellant's first cause of action, and other controverted matters, to the arbitration of certain persons chosen by them as arbitrators; that said arbitrators made and published an award that the respondents pay to appellant the sum of $65, which they accordingly thereupon paid. The respondents denied that the appellant furnished them pasture for any horses and cattle during the several years alleged in the complaint or any time; and for further defense thereto averred that they and the appellant on the ninth day of April, 1883, agreed that for all pasturage appellant might furnish to respondents within five years thereafter the latter should not be required to pay any greater rate therefor than four dollars per annum for

female stock and nothing for other stock, and that they had fully paid appellant for all pasturage so furnished. Respondents denied that appellant furnished to them at any time the use of a stallion. Respondents, by way of counter-claim, alleged that they pastured forty-seven head of cattle for appellant from August 10, 1886, to December 28, 1886; that they wintered a steer for him during the winter of 1886 and 1887; that at his instance and request they paid out and expended for him the sum of $38 for threshing his grain in the year 1886; that the pasturage of the cattle and wintering of the steer were reasonably worth the sum of $245.

The appellant filed a reply to the new matter contained in the answer, denying the same. He averred that the parties submitted the matters set out in the first count of his complaint to arbitration; but alleged that the arbitrators awarded that the respondents pay to him, in full satisfaction of all demands then submitted, the sum of $383.50; that appellant agreed to accept that sum, but that the respondents refused to pay it or any part thereof. The appellant, in effect, admitted in his reply that respondents pastured the forty-seven head of cattle in the year 1886, but claimed that they only pastured them about two months, and that the pasturage was upon the lands of appellant which were leased to respondents and was not worth more than $47; also admitted the wintering of the steer, which he claimed was not worth more than $5.

The action was tried by jury, who returned a verdict for the respondents, and upon which the judgment appealed from was entered.

*R. J. Slater,* for Appellant.

*J. C. Leasure,* for Respondents.

THAYER, C. J., delivered the opinion of the court.

It appears from the bill of exceptions settled and signed in this case that the appellant, at the trial of the action in the circuit court, gave testimony tending to prove the

allegations contained in his complaint and thereupon
rested; that the respondents then offered testimony con-
tradicting that given by the appellant, to which the
appellant's counsel objected upon the grounds that it was
irrelevant, immaterial, incompetent and contrary to the
admissions of respondents in their pleadings. Said counsel
also objected to the respondents giving evidence tending
to prove the allegations of new matter contained in their
answer. The circuit court overruled these various objec-
tions and the appellant's counsel saved exceptions to the
rulings, which present the only questions for our consid-
eration herein.

The theory of the appellant's counsel is, that the defenses
of payment, settlement, arbitration and award and pay-
ment of the award, set forth in the respondents' answer to
the complaint in the action, are inconsistent with their
denials in the answer. He also claims that the respondents'
admission in the answer that they received the sheep under
the agreement alleged in the complaint to have been
entered into between the parties about April, 1883, was
inconsistent with their denial that they agreed to extend
the time for the furnishing of the 500 head of ewes. The
counsel's contention is, that a defense in the nature of a
confession and avoidance cannot be united with an absolute
denial of the matter which it is intended to answer. Where
a defendant in an answer to a complaint positively denies
the facts alleged therein from which the plaintiff claims an
indebtedness against him, and in the same answer pleads
payment of the debt, an accord and satisfaction of the
claim, or that it is barred by the statute of limitations, or
any other defense which in effect confesses that the debt
had existed against him, such pleas have the appearance
of being inconsistent with the denial. The Code, however,
permits a defendant to plead as many defenses as he may
have; and unless the court can see from an inspection of
them that they are necessarily inconsistent with each other
and cannot all be true, it has no authority to interfere with the
party's right to unite them in the same pleading. In this

case the circuit court could not have determined that the defenses contained in the answer were not all true. The respondents may never have agreed to pay the appellant for herding, feeding and taking care of the sheep and lambs delivered to them and yet they may have paid him for so doing. They may have agreed with the appellant to submit his said claim to arbitration and have paid the award made by the arbitrators thereon without having been originally liable for its payment.

We are of the opinion that the circuit court committed no error in admitting the testimony excepted to by the appellant's counsel.

The judgment appealed from will be affirmed.