Argued July 5, reversed and remanded July 24, rehearing denied
October 9, 1917.

# SWANK v. MOISAN.

(166 Pac. 962.)

**Pleading—Election Between Defenses—Powers of Court.**

1. The Circuit Court has power to require an election between
affirmative defenses, provided the application of plaintiff is made
seasonably, and the action of the court is based on some good reason
shown by the record.

**Sales—Invalid Contracts—Warranties—Validity.**

2. If a contract of sale of an automobile was invalid, warranties
of the machine made by the seller are also invalid.

**Pleading—Inconsistent Defenses—Election—Powers of Court.**

3. Since answers are not inconsistent so long as they may both
be true, an answer in an action on a note, alleging as agreement for
exchange of automobiles, the note being given to cover the difference,
and setting up certain warranties which were broken, is not so incon-
sistent with a second answer alleging invalidity of the sale by rea-
son of failure to comply with Laws of 1911, page 265, Section 3, as
to registering ownership that an election of answers should have been
required.

**Appeal and Error—Harmless Error—Requiring Election Between De-
fenses.**

4. Where the court erroneously required defendant to elect be-
tween two defenses and he chose the first, the judgment should be

affirmed, notwithstanding the error, if the second answer was insufficient.

**Sales—Automobiles—Registration of Title.**

5.   Laws of 1911, page 265, Section 3, requiring the vendor of an automobile within five days after the sale to report to the Secretary of State the name and address of the vendee, or providing that the vendee may, within ten days, have the license number transferred to himself, and providing that no sale or transfer shall be valid without compliance with the statute, a sale without compliance is not invalid *ab initio*, but the statute merely attaches a contingent condition subsequent on which the sale may become abortive.

**Sales—Validity.**

6.   There is a vital distinction between a contract void *ab initio* and a contract merely voidable.

**Sales—Invalidity—Rights of Parties.**

7.   Where a sale of an automobile was invalid for failure to comply with Laws of 1911, page 265, Section 3, the vendor could replevy the automobile and recover the value of its use, though he could not recover on a note given to evidence the purchase price.

**Sales—Action for Price—Defenses.**

8.   In action on note given on exchange of automobiles, where answer set up defense of breach of warranty and of failure to comply with Laws of 1911, page 265, Section 3, as to registration of title, since the plaintiff could not recover on the note if the sale was invalid, the second answer set up a substantial defense, and it was error to require an election.

From Marion: PERCY R. KELLY, Judge.

Action by Sherm Swank against Mart T. Moisan and J. M. Moisan in which plaintiff recovered judgment and defendants appeal. Reversed and remanded.

Department 2.   Statement by MR. JUSTICE McCAMANT.

This is an action on a promissory note for $750 given by the defendants to plaintiff. October 5, 1912. The complaint is in the usual form.   The answer denies the allegations of the complaint "except as hereinafter alleged."   A first affirmative answer alleges an agreement between the parties for the exchange of a runabout owned by defendants for a touring car

owned by plaintiff and the execution of the note in question to cover the difference in the value of the two vehicles. The defendants allege certain warranties of the touring car which were broken to their damage in a sum equal to the face of the note given plaintiff.

A second affirmative answer alleges that the note was given to make up the difference in the value of the automobiles exchanged and then sets up the following allegations:

"That for some time prior to the 5th day of October, 1912, the plaintiff had duly registered with the Secretary of State of Oregon his said Maxwell touring car as is provided by section 3 of chapter 174 of the Session Laws for the year 1911, but the plaintiff failed upon making said sale and exchange with defendants as aforesaid and when transferring and delivering said Maxwell touring car to defendants, within five days after the date of said sale and exchange or at any time thereafter, to notify the Secretary of State of such sale on giving said Secretary of State the name of the purchaser, and the number under which said automobile was registered, or did said defendants within five days after making said sale and exchange, or any time thereafter make application to the Secretary of State of Oregon to have the license or registration number transferred to them as is provided by section 8 of said chapter 174 of the Session Laws for the year 1911, and by reason of the premises the aforesaid sale and transfer is illegal and void."

The statute referred to in the answer is the motor vehicle act of 1911. It makes provision for the operation and registration of motor vehicles. Section 8, which is material here, is as follows:

"Upon the sale of a vehicle registered in accordance with this act the vendor shall, within five days after the date of such sale, notify the Secretary of State, stating the name and business address of the purchaser and the number under which such vehicle is registered;

*provided,* that the vendor may, upon application at the time of such notice, have the registration number transferred to a vehicle described in such application and owned by him, and which is not licensed under the law; or if any application be not received by the Secretary of State for a transfer of the license number by the vendor, as above provided, the vendee, upon filing application after five days and within ten days after the date of sale, may have the license or registration number transferred to him. A fee of one dollar shall be paid to the Secretary of State for each transfer, all applications for which he shall file in his office and note upon the registration book or index such change, and at least monthly notify every county clerk of the State of such transfers, each of whom shall immediately note the same on the list of registered vehicles and kept on file as herein provided. No sale or transfer of any vehicle shall be valid without compliance with this section."

On plaintiff's application the court required defendants to elect on which of the two affirmative answers they would defend, holding in effect that these answers are inconsistent and contradictory.

Defendants elected to try the case on their first affirmative answer. Plaintiff replied, admitting that the note was given in connection with the exchange of the automobiles, to cover the difference in their value, and denying the other affirmative allegations of the answer.

The jury found for plaintiff; from a judgment in his favor defendants appeal. REVERSED AND REMANDED.

For appellants there was a brief and an oral argument by *Mr. William P. Lord.*

For respondent there was a brief and an oral argument by *Mr. Walter C. Winslow.*

MR. JUSTICE MCCAMANT delivered the opinion of the court.

1. This appeal raises only one question of law: Did the Circuit Court err in requiring defendants to elect on which of their affirmative defenses they would stand? The power of the Circuit Court to require such election in a proper case is well established, *Harvey* v. *Southern Pacific,* 46 Or. 505, 512 (80 Pac. 1061), provided that the application of the adverse party is made seasonably: *Rosenwald* v. *Oregon City Transp. Co.,* 84 Or. 15 (163 Pac. 831, 833). The action of the court in requiring an election must be based on some good reason shown by the record: *Susznik* v. *Alger Logging Co.,* 76 Or. 189, 195 (147 Pac. 922).

2, 3. The only ground for requiring an election which is relied on in this case is that the two defenses are "inconsistent and legally contradictory." If the contract of sale is invalid as contended in the second affirmative answer, the warranties which defendants set up in their first affirmative answer are also invalid: 2 Mechem on Sales, § 1056; *Howard* v. *Harris,* 8 Allen (90 Mass.), 297; *Gunderson* v. *Richardson,* 56 Iowa, 56 (8 N. E. 686, 41 Am. Rep. 81); *Finley* v. *Quirk,* 9 Minn. 194 (86 Am. Dec. 93, 95). The legal contentions of defendants are therefore not harmonious, but this is not sufficient to charge these answers with inconsistency; *Snodgrass* v. *Andross,* 19 Or. 236, 239 (23 Pac. 969). Under the Oregon decisions answers are not inconsistent so long as they may both be true; *McDonald* v. *American Mortgage Co.,* 17 Or. 626, 633 (21 Pac. 883); *Snodgrass* v. *Andross,* 19 Or. 236, 239 (23 Pac. 969); *Veasey* v. *Humphreys,* 27 Or. 515, 520 (41 Pac. 8); *Randall* v. *Simmons,* 40 Or. 554, 559 (67 Pac. 513); *Dutro* v. *Ladd,* 50 Or. 120, 122 (91 Pac. 459); *Susznik* v. *Alger Logging Co.,* 76 Or. 189, 195

(147 Pac. 922). Tested by this rule the affirmative answers are not inconsistent and the Circuit Court should not have required defendants to elect as between them.

4–8. Notwithstanding this error the judgment should be affirmed if the second affirmative answer is insufficient. The sufficiency of this answer is dependent on the construction to be given Section 8 of the motor vehicle law of 1911, quoted above. The purpose of legislation requiring the registration of automobiles is defined in Huddy on Automobiles (3 ed.), Section 59:

"The reason assigned for the necessity of registration and licensing is that the vehicle should be readily identified in order to debar operators from violating the law and the rights of others, and to enforce the laws regulating the speed, and to hold the operator responsible in cases of accident. The legislatures have deemed that the best method of identification, both as to the vehicle and the owner or operator, is by a number on a tag conspicuously attached to the vehicle. In case of any violation of law this furnishes means of identification, for, from the number, the name of the owner may be readily ascertained and through him the operator."

With the above purposes in view the legislature has provided that unless a motor vehicle is registered with the Secretary of State within ten days after its sale, such sale is invalid. The act does not make the sale invalid *ab initio*. The contract of these parties was valid when made. The effect of the statute is to attach to every sale of a motor vehicle a contingent condition subsequent under which the sale may become abortive on failure to comply with the statutory requirements with reference to registration. The contract with which we are concerned was not immoral and it violated no statute when it was made. Does the

invalidity of the sale arising ten days later through the operation of the statute preclude the enforcement by the vendor of a note given for the purchase price?

There is a vital distinction between a contract void *ab initio* and a contract merely voidable: *Bradtfeldt* v. *Cooke*, 27 Or. 194, 201 (40 Pac. 1, 50 Am. St. Rep. 701). The contract was ineffectual rather than illegal and the case therefore falls without the rule announced in *Ah Doon* v. *Smith*, 25 Or. 89 (34 Pac. 1093); *Pacific Livestock Co.* v. *Gentry*, 38 Or. 275, 290 (61 Pac. 422, 65 Pac. 597); *Cullison* v. *Downing*, 42 Or. 377, 383 (71 Pac. 70); *Jackson* v. *Baker*, 48 Or. 155, 157 (85 Pac. 512).

We have found no case construing such a statute as that with which we are concerned, but under analogous statutes regulating sales the rule seems to be that the vendor cannot recover the purchase price of property sold in a manner which the statute inhibits. The cases make no distinction between actions based on the contract of sale and those based on notes or checks given for the purchase price.

It is held that a merchant whose weights have not been sealed as required by statute cannot recover the purchase price of goods sold by these weights: *Smith* v. *Arnold*, 106 Mass. 269, 271; *Sawyer* v. *Smith*, 109 Mass. 220; *Bisbee* v. *McAllen*, 39 Minn. 143, 144, 145 (39 N. W. 299). Where a statute requires an official survey of lumber by a sworn surveyor, a merchant cannot recover the purchase price of lumber sold without such survey: *Richmond* v. *Foss*, 77 Me. 590 (1 Atl. 830); *Prescott* v. *Battersby*, 119 Mass. 285, 287.

A Massachusetts statute required "oats and meal to be bargained for and sold by the bushel." A seller who sold by the bag was denied the right to recover the purchase price: *Eaton* v. *Kegan*, 114 Mass. 433,

434, 435. Several of the states have enacted statutes
requiring an official analysis of commercial fertilizers
and the marking of their containers in a certain man-
ner. It is held that no action will lie for the enforce-
ment of promissory notes given for the purchase price
of fertilizers sold in violation of these regulations:
*Campbell* v. *Segars,* 81 Ala. 259 (1 South. 714); *Pacific
Guano Co.* v. *Mullen,* 66 Ala. 582, 589; *Johnston* v.
*McConnell,* 65 Ga. 129, 130–132; *Conley* v. *Sims,* 71 Ga.
161, 162, 163; *Allen* v. *Pearce,* 84 Ga. 606 (10 S. E.
1015); *Vanmeter* v. *Spurrier,* 94 Ky. 22, 28–31 (21
S. W. 337); *McConnell* v. *Kitchens,* 20 S. C. 430, 439,
440 (47 Am. Rep. 845).

The sale of plaintiff's automobile became invalid ten
days after the date of sale by operation of this statute.
There being nothing immoral or unlawful in the con-
tract of the parties, the law will not leave them where
it finds them. Plaintiff could replevy his automobile
and recover the value of its use by the defendants:
*Keller* v. *Bley,* 15 Or. 429, 433 (15 Pac. 705); *Bowman*
v. *Wade,* 54 Or. 347, 352 (103 Pac. 72); *Kidder* v.
*Hunt,* 1 Pick. (18 Mass.) 328, 331, 332 (11 Am. Dec.
183); *Basford* v. *Pearson,* 9 Allen (91 Mass.), 387, 391
(85 Am. Dec. 764); *Williams* v. *Bemis,* 108 Mass. 91,
92, 93 (11 Am. Rep. 318); *White* v. *Wieland,* 109 Mass.
291, 292; *Root* v. *Burt,* 118 Mass. 521, 523; *Parker* v.
*Tainter,* 123 Mass. 185, 187; *Lockwood* v. *Barnes,* 3
Hill (N. Y.), 128, 131, 132 (38 Am. Dec. 620); *Gillett*
v. *Maynard,* 5 Johns. 85 (4 Am. Dec. 329); *Smith* v.
*Smith,* 28 N. J. L. 208, 217 (78 Am. Dec. 49). But
plaintiff cannot recover on a note given to evidence
the purchase price on a sale which is invalid. The
second affirmative answer stated facts sufficient to con-
stitute a defense and the error in requiring an election

was substantial.  The judgment is reversed and the
cause remanded.        Reversed and Remanded.
                      Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Moore and
Mr. Justice Bean concur.