[Civ. No. 3793.  Third Appellate District.—May 29, 1929.]

ALEX LUDWIG, Appellant, v. RICHARD STEGER et al., Respondents.

L. C. Smith for Appellant.

Roscoe J. Anderson and Oliver J. Northup for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a directed verdict in favor of the defendants, in a suit upon a promissory note given in payment for the purchase price of an automobile. The motor vehicle certificate was not transferred and it was held that the consideration for the note failed.

In March, 1927, W. B. Scott sold and delivered to defendants a used Hudson automobile for the sum of $600, in payment for which the defendants executed and delivered to the vendor their note for $572 and an old Buick automobile. The note was dated April 2, 1927, and became due ninety days after its date. The note was assigned to plaintiff. The owner's motor vehicle license was not signed by him or transferred to the defendants. Mr. Scott, however, testified that he had the ''pink slip'' at his home and forgot to transfer it, but that the defendants said they would stop and get it, but never did so. He said: ''It has been an oversight . . . I guess, never thought about the pink certificate I had up there at the house until they brought the case in.'' After a colloquy between the court and counsel in which it was conceded that the certificate of ownership had never been signed, transferred or delivered to the purchasers, the court instructed the jury to return a verdict for defendants, which it accordingly did.

The appellant contends that a failure to transfer the motor vehicle certificate of ownership cannot be relied upon as a defense to a promissory note given in payment for the purchase of an automobile, and that the defendants were estopped from asserting the failure of consideration for

the note because they omitted to call for or demand the transfer and delivery of the certificate.

Section 45 of the Motor Vehicle Act of California (Stats. 1925, p. 402), provides that upon the transfer of the title to an automobile, the owner must sign and deliver the certificate of ownership, which must be sent to the motor vehicle department for registration within ten days of the transfer, and that, "(e) Until said division shall have issued said new certificate of registration and certificate of ownership . . . delivery of such vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose."

At the time of the trial of this cause, which occurred December 17, 1928, the transfer of the certificate of ownership had not been signed or delivered to the defendants. The vendor failed and neglected to conform to the law in this respect. The motor vehicle act was amended by adding section 45½ thereto (Stats. 1927, p. 1424) making it a misdemeanor for "any person who refuses or *neglects* to deliver a certificate of ownership to a transferee entitled thereto under the provisions of this act. . . . "

An illegal act cannot become the basis of a valid consideration for a sale or transfer of property, even though the act is merely *malum prohibitum*. (*Smith* v. *Bach*, 183 Cal. 259 [191 Pac. 14]; *Berka* v. *Woodward*, 125 Cal. 119 [73 Am. St. Rep. 31, 45 L. R. A. 420, 57 Pac. 777]; *Wallace* v. *Zinman*, 200 Cal. 585, 588 [254 Pac. 946].)

A promissory note may not depend upon a consideration which is a violation of an express statutory inhibition. (19 Cal. Jur. 1005, sec. 158; 8 C. J. 243, sec. 383; 3 R. C. L. 950, sec. 146.) Section 1667 of the Civil Code provides: "That is not lawful which is, 1. Contrary to an express provision of law."

Since the certificate of ownership of the automobile, the sale of which furnishes the only basis of consideration for the promissory note involved in the present action, was never signed or transferred by the vendor and the motor vehicle department has consequently never issued a new certificate of ownership, the title to the machine did not

pass to the defendants, but still remains in the owner, Scott. Hence, the note was without consideration and void. (42 C. J. 775, secs. 305, 306.) In an elaborate memorandum following the case of *State of Missouri* v. *Cox,* 37 A. L. R., at page 1466, the following statement is supported by numerous authorities: ''The cases are agreed that the failure to comply with the statute precludes an action for the purchase price of the car, or upon a note or check therefor.''

Under a statute similar to section 45 of the California Motor Vehicle Act, in the case of *Swank* v. *Moisan,* 85 Or. 662 [166 Pac. 962], the Oregon Supreme Court said: ''The sale of plaintiff's automobile became invalid ten days after the date of sale by operation of the statute. There being nothing immoral or unlawful in the contract of the parties, the law will not leave them where it finds them. Plaintiff could replevy his automobile and recover the value of its use by the defendants. . . . But plaintiff cannot recover on a note given to evidence the purchase price on a sale which is invalid.''

It is true that the defendants might have instituted an action for rescission under section 1689 of the Civil Code on the ground that the consideration for the note was void, but this was not their only remedy. This remedy does not preclude the urging of the defense of failure of consideration in reply to a suit upon a void promissory note, even without offering to restore the machine to the owner, who has his remedy in a suit of replevin with a demand for compensation for the reasonable value of the use of the machine. (*Swank* v. *Moisan, supra.*)

The appellant relies upon the case of *Boles* v. *Stiles,* 188 Cal. 304 [204 Pac. 848], to support his assertion that the respondents are estopped from denying that the title to the automobile passed to them. This case, however, does not uphold appellant's contention. That was a suit by one partner against another to replevin an automobile. It decides only that where one who claims title to a machine ''by his own act and agreement having placed the plaintiff in the immediate and exclusive possession of the automobile is not in a position to invoke the provision of the statute referred to.'' In the present case the situation is just the reverse. The right of possession of the car is not here

involved, but rather, the question of whether there was a consideration for the execution of a promissory note.

The respondents did not waive their defense or right to the certificate of ownership signed by the vendor. It was the duty of the owner to deliver this certificate to the purchasers. This was essential to a valid transfer of title. Fairly construed with a view of upholding the judgment, the record indicates that there was no understanding between the parties to the effect that the defendants agreed to call at the home of the owner, Scott, for the certificate. Upon the contrary, he testified: ''I guess (I) never thought about the pink certificate . . . until they brought the case.'' The failure to deliver the certificate was evidently the fault and negligence of the plaintiff. The record contains no evidence of his ever offering to remedy this omission by delivering it, prior to the trial of said cause. If the plaintiff relied upon the asserted understanding that the defendant agreed to call for the certificate, he should have at least offered to definitely prove this fact.

We are of the opinion that the judgment is sufficiently supported by the evidence.

The judgment is, therefore, affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 28, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme. Court on July 25, 1929.

All the Justices present concurred.