### Appellate Department, Superior Court, Kern

[Civ. A. No. 52. Aug. 29, 1957.]

WILLIAM A. WILLIAMS, Appellant, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES, as Executor, etc., Respondent.

Baker, Palmer, Wall & Raymond for Appellant.

Harold Payne for Respondent.

LAMBERT, P. J.—In this case, the plaintiff, William A. Williams brought an action on a claim against the estate of Silas M. Wilson, deceased, for services claimed to have been performed by the claimant for the decedent. The claim was rejected and hence an action was filed in the municipal court. The case was heard by the court sitting without a jury and judgment was for the defendant and the plaintiff has appealed.

The plaintiff first offered the testimony of the plaintiff, William A. Williams, to testify concerning what his claim was based on and he claimed it was a book account. This testimony was objected to and the objection was not ruled on at the time and the evidence was heard subject to a ruling at the close of the evidence.

When Esther Williams, wife of plaintiff, was offered as a witness, objection was made to the evidence on the ground that since the 1927 amendment to 161a of the California Civil Code, the wife of the plaintiff was not entitled to testify because under the community property laws she has an interest in the community property and when she was offered as a witness, this objection was made, and the court overruled this objection and the witness testified, subject to ruling later.

Both objections involve the interpretation of section 1880 of the Code of Civil Procedure. Section 1880 reads as follows:

"Section 1880. (Persons who cannot testify.) The following persons cannot be witnesses:

"1. Those who are of unsound mind at the time of their production for examination.

"2. Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly.

"3. (*Action against estates*) Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person. (Enacted 1872; Am. Code Amdts. 1873-74, p. 381; Code Amdts. 1880, p. 112)"

After the evidence appearing in the transcript was introduced, the court made what was called "Notice of Rendition of Decision," as follows:

"To: Mr. H. E. McCombie, Counsel for Plaintiff,

AND To: Harold Payne, Counsel for Defendant.

"Please take notice that judgment herein has been rendered in favor of defendant.

"Defendant's objections to Plaintiff's testimony as to manner of keeping records of hours worked and to making copy of original record overruled;

"Defendant's objections to testimony of witness Esther Williams as to matters of fact occurring before the death of Silas M. Wilson sustained.

"Counsel for prevailing party to prepare Judgment.

"Dated: Bakersfield, April 22, 1957.

AILEEN WILLIAMS, Clerk
By /s/ Aethra Gulde"

In the judgment itself we find this statement . . . "and written findings of fact not being expressly requested by said parties or either of them at the time of trial, the court has found in favor of the defendant and against the plaintiff and has ordered judgment for the defendant and against the plaintiff and has ordered judgment for the defendant and against the plaintiff for costs of suit."

Findings of fact and conclusions of law were waived (Code Civ. Proc., § 632). ▮ *Although the exact basis on which the case was decided for the defendant does not appear in*

the record, adequate proof under any theory would be sufficient, as it must be assumed when findings are waived that all issues are resolved by the trial court in favor of the respondent. (*U-Drive & Tour, Ltd.* v. *System Auto Parks, Ltd.*, 28 Cal. App.2d Supp. 782 [71 P.2d 354]. We have read the transcript of the testimony in the record.

One point briefed by both parties was the question of whether or not since the 1927 amendment to section 161a of the Civil Code, the wife would have the right at all to testify. The respondent cites *Manford* v. *Coats*, 6 Cal.App.2d 743 [45 P.2d 395] for the proposition that the wife, in view of her interest, would not be entitled to testify. However, the point was not decided in that case, as nothing is decided in a case except what is presented by the record and the issues. All the court did was intimate how it might hold if it were called upon to rule; and it seems from all the decisions cited by the appellant that the wife is not prohibited from testifying in a proper case. Subdivision 3 of section 1880, does not purport to prohibit anybody having any interest in the litigation from testifying. It prohibits anybody for whom the action is prosecuted. It is the husband who has the control of the community property, and the action is prosecuted for his benefit. However, we do not deem it necessary to decide this point and the majority of the court do not decide it.

We will assume that the trial judge rendered judgment for the defendant because the plaintiff had not proved an account. On this question of what constitutes book accounts or accounts, see *Warren* v. *Nair*, 102 Cal.App.2d 298 [227 P.2d 515] and also the case of *Robin* v. *Smith*, 132 Cal.App.2d 288 [282 P.2d 135]. Quoting from that case, it is said at page 290:

"It is at once manifest that while defendant's name appears as the payee of two checks among a miscellaneous agglomeration of names set down in a business record, there is absolutely no showing of any book account between the parties as that term is understood in legal parlance. At the outset we may state certain truisms. 'The law does not prescribe any standard of bookkeeping practice which all must follow, regardless of the nature of the business of which the record is kept. We think it makes no difference whether the account is kept in one book or several so long as they are permanent records, and constitute a system of bookkeeping as distinguished from mere private memoranda.' (*Egan* v. *Bishop*, 8 Cal.App.2d 119, 122 [47 P.2d 500].) With the addition of section 1953f of the

Code of Civil Procedure in 1941 as part of the Uniform Business Records as Evidence Act, many of the strict foundational requirements of the common law were relaxed to facilitate the admission into evidence of certain records kept in the regular course of business. (*Loper* v. *Morrison*, 23 Cal.2d 600 [145 P.2d 1]; *Thompson* v. *Machado*, 78 Cal.App.2d 873 [178 P.2d 838].) But this liberalized rule of evidence relating to the admissibility of business records did not, of course, modify the substantive law as to the elements of a book account. (*Tabata* v. *Murane*, 76 Cal.App.2d 887, 891 [174 P.2d 684].) The nature of a book account is well defined in *Tillson* v. *Peters*, 41 Cal.App.2d 671, 678 [107 P.2d 434] as follows: 'A book account may be deemed to furnish the foundation for a suit in assumpsit, within the limitation of time prescribed by section 337 of the Code of Civil Procedure, only when it contains a statement of the debits and credits of the transactions involved completely enough to supply evidence from which it can be reasonably determined what amount is due to the claimant.' The court further points out that 'The term " 'account' ", as it is used in the statute, clearly requires the recording of sufficient information regarding the transaction involved in the suit, from which the debits and credits of the respective parties may be determined, so as to permit the striking of a balance to ascertain what sum, if any, is due to the claimant.' A book account may, of course, consist of a single entry reflecting the establishment of an account between the parties. (*Bailey* v. *Hoffman*, 99 Cal.App. 237 [278 P. 498].) "

It will be noted from this that it requires something more than a private memorandum, and this wasn't even an original. It is an alleged copy of a typewritten record that was made from some other record that wasn't produced. See plaintiff's Exhibit 1. There is no question but that the plaintiff did some work out there; but without his testimony it could not be ascertained how much work he did, nor the price, nor whether he had been paid.

Counsel for the appellant cites the case of *Kains* v. *First Nat. Bank*, 30 Cal.App.2d 447 [86 P.2d 935], but this case isn't in point and is clearly distinguishable from the case at bar. As we said before, while we think the judge's ruling against permitting the witness, Esther Williams, to testify, so far as the provisions of section 161a of the Civil Code apply, was erroneous, that point need not be decided because the judgment was in favor of the defendant; and in view of the

fact that the court permitted the witness to testify, and afterwards ruled her testimony out, he decided that the plaintiff had not proved an account within the meaning of the decisions. ■ Whether a book account was proved was for the trial court in the first instance; and since his decision was supported by the evidence, we should not disturb it. ■ On an appeal, this court is concerned only with the correctness of the decision and judgment rendered, and not with the reasons to be gleaned from some ruling which might indicate another reason that motivated the trial court in reaching its conclusion. See *Buckhantz* v. *R. G. Hamilton & Co.*, 71 Cal.App.2d 777 [163 P.2d 756].

The judgment is affirmed.

MAIN, J.—In my view the point as to admissibility of the wife's testimony, though argued strenuously by counsel, is not decisive of the appeal. Her testimony, given full weight, would not supply the deficiencies otherwise existing in the case presented by plaintiff.

However, the point of admissibility ought to be settled by the Legislature, as Justice Traynor says in *Roy* v. *Salisbury* (1942), 21 Cal.2d 176 [130 P.2d 706]. There the Supreme Court intimated that if required, it might decide that the wife could testify; the *decision* was only that the judgment was sufficiently supported by other evidence. In *Manford* v. *Coats* (1935), 6 Cal.App.2d 743 [45 P.2d 395], the District Court of Appeal intimated that error would be committed by permitting the wife to testify to occurrences after 1927. Manford is cited in Salisbury, but the intimations are not reconciled.

HOWDEN, J.—I concur in the judgment of affirmance for the sole reason that in my opinion the trial court was correct in sustaining the objection to the testimony of Esther Williams and this was the only matter raised by the appellant in his briefs. While I concede that the decision in *Manford* v. *Coats*, 6 Cal.App.2d 743, 744 [45 P.2d 395], is not necessarily controlling, it, together with all the implications of *Roy* v. *Salisbury*, 21 Cal.2d 176-185 et seq. [130 P.2d 706] (including the views of the concurring and dissenting justices) supports the position of the respondent.